JOHN F. MURTHA, ESQ.
**Nevada Bar No. 835**
WOODBURN AND WEDGE
Sierra Plaza
6100 Neil Road, Ste. 500
Post Office Box 2311
Reno, Nevada  89505
Telephone:  775-688-3000
Facsimile  :  775-688-3088
jmurtha@woodburnandwedge.com

Attorneys for Trustee
Angelique L.M. Clark

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * *

In re:                                      Case No.  BK-08-51131-GWZ
                                            Chapter   7
CETUS MORTGAGE, LTD.

            Debtor**.**                     Adv. No. _____
_____/

ANGELIQUE L.M. CLARK,
TRUSTEE,

            Plaintiff,                      **COMPLAINT INCLUDING CLAIM
                                            FOR INJUNCTIVE RELIEF**
      vs.

MARCILIN BENVIN, an
individual,

            Defendant.
_____/

      Plaintiff Angelique L.M. Clark, Trustee, complains and alleges as follows:

**I**

**PARTIES, JURISDICTION AND VENUE**

      1.      This case presents claims that are related to a proceeding that is

pending under Title 11 USC and, therefore, this Court has jurisdiction over this matter pursuant to the provisions of 28 USC § 1334(b).

2.    Part of the relief requested in this matter is the return of property belonging to a bankruptcy estate.  Furthermore, this action affects the liquidation of the assets of a bankruptcy estate and the adjustment of debtor-creditor relationships. The claims alleged herein are core proceedings under the provisions of 28 USC § 157.

3.    This Court is a proper venue for this case under the provisions of 28 USC § 1409(a).

4.    Plaintiff Angelique L.M. Clark ("Clark") is the duly appointed trustee of the Chapter 7 bankruptcy estate of Cetus Mortgage, Ltd. ("Cetus") pending before this Court as Case No. BK-08-51131 ("Bankruptcy").

5.    Defendant Marcilin Benvin ("Benvin") is, and at all times relevant to the matters alleged herein was, a resident of Washoe County, Nevada.

II

**GENERAL ALLEGATIONS**

6.    Cetus is, and all times relevant to the matters alleged herein was, a Nevada corporation doing business in Washoe County, Nevada.

7.    At all times relevant to the matters alleged herein, Benvin was an employee and the president and a director of Cetus.

8.    Cetus' primary business was the brokering of loans secured by residential and commercial properties located mostly in Northern Nevada.

9.    Cetus was licensed as a mortgage company by the Mortgage Lending Division of the State of Nevada Department of Business and Industry.

2

10.     Typically, the loans brokered by Cetus were funded by investments solicited from third party investors willing to loan funds to Cetus' borrowers.  The loans brokered by Cetus were occasionally funded by a single investor client, but in most instances the loans were funded with monies pooled from a group of investor clients.

11.     In some instances Cetus was one of a pool of investors participating in brokered loans, but its participations in the loans was normally a small percentage of the total loan pool.

12.     In addition to brokering loans, Cetus also served as the servicing agent for the Cetus brokered loans.  As the loan servicer, Cetus was supposed to receive payments from the borrowers, calculate each investor's percentage distribution and, after deducting its contractual fees, remit payment to the investors.

13.     In July 2008, the State of Nevada, Department of Business and Industry, Division of Mortgage Lending seized Cetus' assets on the basis of several complaints from investors that Cetus had:

        a.     Forged signatures on property conveyances;

        b.     Altered property descriptions in deeds of trust without proper authorization; and

        c.     Failed to properly account for investors' funds.

14.     Cetus allowed its Nevada mortgage company license to expire without renewal on June 30, 2008.

15.     In response to the State of Nevada's seizure of Cetus' assets, Benvin caused Cetus to file a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code with this Court on July 9, 2008, commencing the Bankruptcy.

16.     On July 17, 2008, Clark was appointed Trustee of Cetus' bankruptcy

3

estate pursuant to the provisions of 11 USC § 1104. Cetus' Chapter 11 case was converted to Chapter 7 proceedings on August 19, 2008, and Clark was subsequently appointed Trustee of Cetus' Chapter 7 estate.

17.    Pursuant to 11 USC § 341, within a reasonable time after the commencement of a bankruptcy case, a meeting of creditors is to be held at which the trustee and creditors may ask questions of the debtor or its authorized representatives.

18.    Cetus' § 341 meeting of creditors was held on September 15, 2008. Benvin appeared at Cetus' § 341 meeting of creditors as its authorized representative. Benvin was placed under oath, but other than testifying as to her name and status as Cetus' president, she repeatedly refused to answer dozens of questions posed by Clark's attorney and creditors on the basis the answers might incriminate her.

19.    Pursuant to 11 USC § 704, one of the duties of bankruptcy trustees is to investigate the financial affairs of the debtor. Clark has been investigating Cetus' financial affairs, but her investigation is not yet complete. Clark reserves the right to amend this Complaint to add more specific allegations regarding Benvin's conduct upon the completion of her investigation.

20.    To date, the Trustee's investigation has revealed that:

A.    Contrary to Nevada State law and regulations governing mortgage companies, Cetus commingled funds in its trust accounts and its loan accounts;

B.    Cetus used monies invested by lenders for purposes other than for which they were invested;

C.    Cetus, in some instances, failed to repay investors when the loans they funded were paid in full by the borrowers;

D.    Cetus' employees, including Benvin, forged investors' signatures on requests for reconveyance for the purpose of causing deed of trust liens to be released even though the loans secured by the

4

deed of trust had not been paid;

E.  Cetus forged signatures on deeds of trust for the purpose of making it appear loans had been secured when in fact, the investors' funds were diverted to improve properties owned by Benvin or by entities in which she owned an interest;

F.  Cetus' employees, including Benvin, "cut and pasted" official recording information from recorded deeds of trust and photocopied the recording information on entirely different deeds of trust to make it appear loans had been secured when, in fact, the loans were never made.  Instead, the funds invested by investors who received the phony deeds of trust had been used by Cetus or Benvin for their own use.

21.  The improper and illegal conduct alleged in paragraph 20 was either performed by Benvin or by Cetus employees at Benvin's direction.

22.  The improper and illegal conduct alleged in paragraph 20 was performed for the purpose of defrauding investors and covering up the fact that funds invested with Cetus were being used by Cetus or Benvin for their own benefit.

23.  During Clark's investigation of Cetus' books and records it has been discovered that many months of very critical banking records have either been destroyed or removed from its business premises.  Furthermore, the files for many loans associated with the misdeeds alleged in paragraph 20 and at least one of Cetus' computers containing electronic copies of all of Cetus' records have been removed from Cetus' business premises.  Clark is informed and believes, and on that basis alleges, that all of Cetus' missing books and records and the computer have been taken by Benvin.

III

**FIRST CLAIM FOR RELIEF**
**(Conversion)**

24.  Clark repeats and realleges each and every allegation contained in

5

paragraphs 1-23 herein, and incorporates the same herein as if set forth in their entirety.

25.    Benvin, without legal basis or justification, improperly exercised dominion and control of money and property belonging to Cetus or its investors and thereby converted said property to her own use.

26.    By reason of the acts alleged herein, Benvin is guilty of the tort of conversion.

27.    Benvin's conversion of Cetus' and its investors' assets caused injury and damage to Cetus in an amount to be proven at the trial in this matter.

28.    Clark reserves the right to amend this Complaint to allege additional and further claims related to Benvin's unlawful conversion of Cetus' assets including, but not limited to, a claim for punitive damages pursuant to NRS § 42.001, et seq. as facts supporting such additional claims are discovered in this matter.

WHEREFORE, Clark prays for relief as hereinafter requested.

**IV**

**SECOND CLAIM FOR RELIEF**
**(Embezzlement)**

29.    Clark repeats and realleges each and every allegation contained in paragraphs 1-28 herein, and incorporates the same herein as if set forth in their entirety.

30.    Benvin, in her capacity as an officer, director and employee of Cetus, owed fiduciary duties to Cetus, including the duties to use Cetus' and its investors' property for the conduct of its business and not to convert the same to her own use and benefit.

31.    By reason of Benvin's conduct as alleged herein, she is guilty of embezzling Cetus' and its investors' property.

32.   Cetus has been damaged by Benvin's embezzlement in an amount to be proven at the trial in this matter.

WHEREFORE, Clark prays for relief as hereinafter requested.

**V**

### THIRD CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

33.   Clark repeats and realleges each and every allegation contained in paragraphs 1-32 herein, and incorporates the same herein as if set forth in their entirety.

34.   Benvin, in her capacity as an officer and director of Cetus, owed it a fiduciary duty to exercise her duties in good faith, in the best interests of the corporation and without misconduct, fraud or knowing violations of the law.

35.   By reason of Benvin's conduct as alleged herein, she is guilty of breaching her fiduciary duties owed to Cetus.

36.   Cetus has been damaged by Benvin's breach of her fiduciary duties to it in an amount to be proven at the trial in this matter.

WHEREFORE, Clark prays for relief as hereinafter requested.

**VI**

### FOURTH CLAIM FOR RELIEF
### (Breach of the Duties of Loyalty and Care)

37.   Clark repeats and realleges each and every allegation contained in paragraphs 1-36 herein, and incorporates the same herein as if set forth in their entirety.

38.   Benvin, in her capacity as an officer and director of Cetus, owed it duties of loyalty and care requiring her to conduct its business on an informed basis and to

7

maintain Cetus' best interests over anyone else's interests, including her own.

39.    By reason of Benvin's conduct as alleged herein, she is guilty of breaching her duties of loyalty and care owed to Cetus.

40.    Cetus has been damaged by Benvin's breach of her duties of loyalty and care to it in an amount to be proven at the trial in this matter.

WHEREFORE, Clark prays for relief as hereinafter requested.

VII

**FIFTH CLAIM FOR RELIEF**
**(Turnover of Property – 11 USC § 542)**

41.    Clark repeats and realleges each and every allegation contained in paragraphs 1-40 herein, and incorporates the same herein as if set forth in their entirety.

42.    The money and other property converted or embezzled by Benvin as alleged herein constituted property Clark could use, sell or lease pursuant to the provisions of 11 USC § 363.

43.    Pursuant to 11 USC § 542(a), a person in custody or control of property a trustee could use, sell or lease pursuant to 11 USC § 363 shall deliver the same to the trustee and account for all such property.

44.    Benvin is obligated to return all of Cetus' property to Clark and to account for all such property.

WHEREFORE, Clark prays for relief as hereinafter requested.

VIII

**SIXTH CLAIM FOR RELIEF**
**(Injunctive Relief)**

45.    Clark repeats and realleges each and every allegation contained in

8

1  paragraphs 1-44 herein, and incorporates the same herein as if set forth in their

2  entirety.

3      46.   Clark is informed and believes, and on that basis alleges, that some or all

4
   of the monies converted or embezzled by Benvin were used to improve various real
5
6  properties owned by Benvin or by entities in which she has an interest or that the

7  monies were placed in banks or brokerage accounts maintained in her name, her

8  husband's name or in the name of entities in which Benvin has an interest.

9      47.   Clark is informed and believes, and on that basis alleges, that Benvin

10 and her husband are in the process of moving from the state of Nevada and have

11
   already removed their most liquid assets from the state.  The Benvins are also in the
12
13 process of selling or otherwise disposing their real property assets in an effort to

14 prevent Clark from recovering Cetus' property.

15     48.   If Benvin is allowed to continue to dispose of her assets or remove them

16 from the state of Nevada, Clark's efforts to recover the property converted or

17 embezzled by Benvin would be frustrated and Cetus' bankruptcy estate would be

18
   irreparably harmed.
19
20     49.   It is essential to this Court's power and ability to render a meaningful

21 decision on the merits of Clark's claims that the status quo be preserved pending the

22 trial in this matter.

23     WHEREFORE, Clark prays for relief as follows:

24     A.    For judgment against Benvin on the Trustee's claims for conversion,

25 embezzlement, breach of fiduciary duties and breach of the duties of care and loyalty

26
   in an amount to be proven at the trial in this matter;
27
28     B.    For an order directing Benvin to deliver any of Cetus' property in her

9

possession to the Trustee pursuant to 11 USC § 542 and requiring her to account for all of Cetus' property;

    C.    For an injunction prohibiting Benvin from selling, transferring, encumbering or otherwise disposing of any of her property, real or personal, pending payment of all of her obligations and liabilities to Cetus in full;

    D.    For costs of suit;

    E.    For an award of reasonable attorney's fees incurred in connection with the prosecution of this action; and

    F.    For such other and further relief as is just and appropriate under the circumstances.

    DATED this 26th day of November, 2008.

WOODBURN and WEDGE

By_____
    John F. Murtha, Esq.
    Attorneys for Trustee
    Angelique L.M. Clark

10