DOWNEY BRAND LLP
SALLIE B. ARMSTRONG (Bar No. 1243)
MICHELLE N. KAZMAR (Bar No. 10098)
427 West Plumb Lane
Reno, NV 89509
Telephone: (775) 329-5900
Facsimile: (775) 786-5443

*Attorneys for Plaintiffs*
*The Konopisos Lenders*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIM ROSASCO, as Trustee for THE ROSASCO FAMILY TRUST; JOHN J. DOUGLASS; CAROL K. DOUGLASS; WILLIAM E. BECKER, as Trustee for THE BECKER FAMILY TRUST; SHARON L. BECKER, as Trustee for THE BECKER FAMILY TRUST; CYNTHIA MORREY; PAUL S. FEARS; STACY DOUGLASS MOVERLY; HAZEL M. SIMMONS; MARJORIE M. JONES; BILL SPIERSCH; BARBARA SPIERSCH; JEANNE W. KEITH; JENNIFER R. HICKOK, as custodian for ERICA PAIGE REID; JENNIFER R. HICKOK, as custodian for DEREK SCOTT REID;<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM A. KONOPISOS; W.A.K. DESIGN BUILD, LLC, a Nevada limited liability company; ANGELIQUE L.M. CLARK, as Chapter 7 Trustee for Debtor CETUS MORTGAGE, LTD; MARCILIN A. BENVIN, as Trustee for the CETUS MORTGAGE, LTD. 401(K) PROFIT SHARING PLAN; GREEN GRIFFIN, INC.; LYNN MINDICINO, as Trustee of the LYNN MINDICINO SEP IRA DATED 4/15/1994; STEPHEN F. GIES; SHARON GIES; DOM GRAZIANO; LAURIE GRAZIANO; STEVEN L. MOSS, as | Bankruptcy No.: BK-N-08-51131-GWZ<br><br>Chapter 7<br><br>Adv. No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND FOR JUDICIAL FORECLOSURE** |

1019687.3

1

COMPLAINT

| | |
|---|---|
| 1 | Trustee for the MOSS FAMILY TRUST DATED 12/15/1988; DIANE J. MOSS, as |
| 2 | Trustee for the MOSS FAMILY TRUST DATED 12/15/1988; MOSS NEVADA, |
| 3 | LLC, a Nevada limited liability company; STEVEN L. MOSS, as Trustee of the |
| 4 | UROLOGIC SURGEONS, LTD. PROFIT SHARING PLAN AND TRUST FOR THE |
| 5 | BENEFIT OF STEVEN L. MOSS; STEVEN L. MOSS, as Trustee of the |
| 6 | DIANA J. MOSS EDUCATIONAL TRUST; MICHAEL J. MELARKEY, as |
| 7 | Trustee of the MELARKEY, KNOBEL & MULLIGAN PROFIT SHARING PLAN |
| 8 | AND TRUST; JOHN B. MULLIGAN, as Trustee of the MELARKEY, KNOBEL & |
| 9 | MULLIGAN PROFIT SHARING PLAN AND TRUST; MARK W. KNOBEL, as |
| 10 | Trustee of the MELARKEY, KNOBEL & MULLIGAN PROFIT SHARING PLAN |
| 11 | AND TRUST; BERNIECE BEHRENS, as Trustee of the BEHRENS FAMILY |
| 12 | TRUST DATED JULY 12, 1985; MARY KAY WALKER; NANCY L.M. GHUSN, |
| 13 | as Trustee of THE NANCY L.M. GHUSN TRUST DATED JUNE 11, 2003; |
| 14 | STEVEN L. MOSS, as Trustee of the DAVID S. MOSS EDUCATIONAL |
| 15 | TRUST; BARBARA E. MOSS, as beneficiary of PENSCO TRUST |
| 16 | COMPANY; BARBARA J. CAIN; RICHARD A. SPERO; RICHARD A. |
| 17 | SPERO, in trust for AARON J. SPERO; LINDA SPERO, in trust for AARON J. |
| 18 | SPERO; GEORGE C. SCHUMACHER; TERRY ANNE SCHUMACHER; DON |
| 19 | BLAIR ELLIS; MELBA J. ELLIS; KENNETH D. COXEY, as Trustee of the |
| 20 | COXEY LIVING TRUST dated December 3, 1988; VALERIE COXEY, as Trustee of |
| 21 | the COXEY LIVING TRUST dated December 3, 1988; and DOES 1-20; |
| 22 | inclusive, |
| 23 | Defendants. |

24

25      Plaintiffs JIM ROSASCO, as Trustee for THE ROSASCO FAMILY TRUST, JOHN J.

26 DOUGLASS, CAROL K. DOUGLASS, WILLIAM E. BECKER, as Trustee for THE BECKER

27 FAMILY TRUST, SHARON L. BECKER, as Trustee for THE BECKER FAMILY TRUST,

28 CYNTHIA MORREY, PAUL S. FEARS, STACY DOUGLASS MOVERLY, HAZEL M.

1019687.3                               2

COMPLAINT

SIMMONS, MARJORIE M. JONES, BILL SPIERSCH, BARBARA SPIERSCH, JEANNE W. KEITH, JENNIFER R. HICKOK, as custodian for ERICA PAIGE REID, and JENNIFER R. HICKOK, as custodian for DEREK SCOTT REID, (collectively the "KONOPISOS LENDERS" or "Plaintiffs"), by and through their attorneys Downey Brand LLP, hereby complain and allege as follows:

## JURISDICTION AND VENUE

1. This is a core proceeding under 28 U.S.C. §157.

2. Venue is proper under 28 U.S.C. §1409(a).

## PARTIES

3. Plaintiff JIM ROSASCO, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada, and is and was a Trustee of THE ROSASCO FAMILY TRUST.

4. Plaintiff JOHN J. DOUGLASS, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

5. Plaintiff CAROL K. DOUGLASS, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

6. Plaintiff WILLIAM E. BECKER, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada, and is and was a Trustee of THE BECKER FAMILY TRUST.

7. Plaintiff SHARON L. BECKER, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada, and is and was a Trustee of THE BECKER FAMILY TRUST.

8. Plaintiff CYNTHIA MORREY, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

9. Plaintiff PAUL S. FEARS, at all times mentioned herein, is and was an individual residing in state of Pennsylvania.

10. Plaintiff STACY DOUGLASS MOVERLEY, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

11. Plaintiff HAZEL M. SIMMONS, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

12. Plaintiff MARJORIE M. JONES, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

13. Plaintiff BILL SPIERSCH, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

14. Plaintiff BARBARA SPIERSCH, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

15. Plaintiff JEANNE W. KEITH, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

16. Plaintiff JENNIFER R. HICKOK, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada, and is and was acting as custodian for ERICA PAIGE REID and DEREK SCOTT REID.

17. Plaintiffs are informed and believe, and upon that basis allege, that Defendant WILLIAM A. KONOPISOS, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

18. Plaintiffs are informed and believe, and upon that basis allege, that Defendant W.A.K. DESIGN BUILD, LLC, at all times mentioned herein, is and was a limited liability company organized and existing under the laws of Nevada, with its principal place of business in Reno, Nevada.

19. Plaintiffs are informed and believe, and upon that basis allege, that CETUS MORTGAGE, LTD. ("CETUS"), at all times mentioned herein, is and was a corporation organized and existing under the laws of Nevada, and is a Chapter 7 debtor appearing before this Court.

20. Defendant ANGELIQUE L.M. CLARK is the duly appointed Chapter 7 Trustee of CETUS' bankruptcy estate ("ESTATE") and is charged with administering all property of the ESTATE, including CETUS' interest in various notes and deed of trust.

21. Plaintiffs are informed and believe, and upon that basis allege, that MARCILIN

1  A. BENVIN, at all times mentioned herein, is and was an individual residing in Washoe County,
2  Nevada, and is and was the Trustee of the CETUS MORTGAGE, LTD. 401(K) PROFIT
3  SHARING PLAN.

4  22.   Plaintiffs are informed and believe, and upon that basis allege, that Defendant
5  GREEN GRIFFIN, INC., at all times mentioned herein, is and was a corporation organized and
6  existing under the laws of Nevada.

7  23.   Plaintiffs are informed and believe, and upon that basis allege, that Defendant
8  LYNN MINDICINO, at all times mentioned herein, is and was an individual residing in Washoe
9  County, Nevada, and is and was Trustee LYNN MINDICINO SEP IRA DATED 4/15/1994.

10  24.   Plaintiffs are informed and believe, and upon that basis allege, that Defendant
11  STEPHEN F. GIES, at all times mentioned herein, is and was an individual residing in Washoe
12  County, Nevada.

13  25.   Plaintiffs are informed and believe, and upon that basis allege, that Defendant
14  SHARON GIES, at all times mentioned herein, is and was an individual residing in Washoe
15  County, Nevada.

16  26.   Plaintiffs are informed and believe, and upon that basis allege, that Defendant
17  DOM GRAZIANO, at all times mentioned herein, was an individual residing in Washoe
18  County, Nevada.

19  27.   Plaintiffs are informed and believe and upon that basis allege, that Defendant
20  LAURIE GRAZIANO, at all times mentioned herein, is and was an individual residing in
21  Washoe County, Nevada.

22  28.   Plaintiffs are informed and believe, and upon that basis allege, that Defendant
23  STEVEN L. MOSS, at all times mentioned herein, is and was an individual residing in Washoe
24  County, Nevada, and is and was Trustee for the MOSS FAMILY TRUST, the UROLOGIC
25  SURGEONS, LTD. PROFIT SHARING PLAN AND TRUST for the benefit of STEVEN L.
26  MOSS, M.D., the DIANA J. MOSS EDUCATIONAL TRUST, and the DAVID S. MOSS
27  EDUCATIONAL TRUST.

28  29.   Plaintiffs are informed and believe, and upon that basis allege, that Defendant

1 | DIANE J. MOSS, at all times mentioned herein, is and was an individual residing in Washoe
2 | County, Nevada, and is as was Trustee for the MOSS FAMILY TRUST.
3 |     30.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant
4 | MICHAEL J. MELARKEY, at all times mentioned herein, is and was an individual residing in
5 | Washoe County, Nevada, and is and was a Trustee of the MELARKEY, KNOBEL &
6 | MULLIGAN PROFIT SHARING PLAN AND TRUST.
7 |     31.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant
8 | JOHN B. MULLIGAN, at all times mentioned herein, is and was an individual residing in
9 | Washoe County, Nevada, and is and was a Trustee of the MELARKEY, KNOBEL &
10 | MULLIGAN PROFIT SHARING PLAN AND TRUST.
11 |     32.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant
12 | MARK W. KNOBEL, at all times mentioned herein, is and was an individual residing in
13 | Washoe County, Nevada, and is and was a Trustee of the MELARKEY, KNOBEL &
14 | MULLIGAN PROFIT SHARING PLAN AND TRUST.
15 |     33.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant
16 | BERNIECE BEHRENS, at all times mentioned herein, is and was an individual residing in
17 | Washoe County, Nevada, and is and was a Trustee of the BEHRENS FAMILY TRUST DATED
18 | JULY 12, 1985.
19 |     34.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant
20 | MARY KAY WALKER, at all times mentioned herein, is and was an individual residing in
21 | Washoe County, Nevada.
22 |     35.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant
23 | NANCY L.M. GHUSN, at all times mentioned herein, is and was an individual residing in
24 | Washoe County, Nevada, and is and was the Trustee for THE NANCY L.M GHUSN TRUST
25 | DATED JUNE 11, 2003.
26 |     36.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant
27 | BARBARA E. MOSS, at all times mentioned herein, is and was an individual residing in
28 | Washoe County, Nevada, and is and was a beneficiary of the PENSCO TRUST COMPANY

1 | CUSTODIAN for the benefit of BARBARA E. MOSS.

2 |     37.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant BARBARA J. CAIN, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

    38.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant RICHARD A. SPERO, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada, and is and was holding interest in certain property in trust for AARON J. SPERO.

    39.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant LINDA SPERO, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada, and is and was holding interest in certain property in trust for AARON J. SPERO.

    40.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant GEORGE C. SCHUMACHER, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

    41.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant TERRY ANNE SCHUMACHER, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada.

    42.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant DON BLAIR ELLIS, at all times mentioned herein, is and was an individual residing in Douglas County, Nevada.

    43.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant MELBA J. ELLIS, at all times mentioned herein, is and was an individual residing in Douglas County, Nevada.

    44.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant KENNETH D. COXEY, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada, and is and was a Trustee of the COXEY LIVING TRUST dated December 3, 1988.

1019687.3

7

COMPLAINT

45.  Plaintiffs are informed and believe, and upon that basis allege, that Defendant VALERIE COXEY, at all times mentioned herein, is and was an individual residing in Washoe County, Nevada, and is and was a Trustee of the COXEY LIVING TRUST dated December 3, 1988.

46.  The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1-20, inclusive, are unknown to Plaintiffs, who therefore sue said Defendant by such fictitious names. Plaintiffs are informed and believes, and upon that basis allege, that each of the Defendants designated herein as a fictitiously named Defendant is in some manner responsible for the events and happenings herein referred to, either contractually or tortiously, and caused the damage to Plaintiffs as herein alleged. When Plaintiffs ascertain the true names and capacities of DOES 1-20, inclusive, they will ask leave of this Court to amend their Complaint by setting forth the same.

## GENERAL ALLEGATIONS

47.  CETUS, prior to filing and initiating its bankruptcy proceedings, acted as a mortgage broker which would arrange for loans between private lenders and borrowers.

48.  In or around May or June, 2007, CETUS contacted various investors to fund a loan to Defendant WILLIAM A. KONOPISOS.

49.  The KONOPISOS LENDERS agreed to fund the loan to Defendant WILLIAM A. KONOPISOS.

50.  The KONOPISOS LENDERS based their decision to invest in the loan to Defendant WILLIAM A. KONOPISOS on many factors, including the quality of the collateral, the terms of the loan, and the recommendations of CETUS.

51.  The KONOPISOS LENDERS never agreed nor intended to loan any money to CETUS, and CETUS never guaranteed a return on the investment made in the loan to Defendant WILLIAM A. KONOPISOS.

52.  The KONOPISOS LENDERS' investment in the loan to Defendant WILLIAM A. KONOPISOS was a directed investment.

53.  As part of the above directed investment, on our about June 4, 2007, Defendant

1  WILLIAM A. KONOPISOS executed a Promissory Note in favor of the KONOPISOS
2  LENDERS.
3      54. Pursuant to the terms of the Promissory Note, Defendant WILLIAM A.
4  KONOPISOS promised to pay the principal sum of $1,000,000.00 plus interest at the rate of
5  10% per annum to the KONOPISOS LENDERS. According to the terms of the Promissory
6  Note, payments of interest only were to be paid beginning August 20, 2007, and continuing
7  through July 20, 2008, at which time the entire unpaid balance plus accrued interest was
8  immediately due and payable.
9      55. The Promissory Note was secured by real property as evidenced by a Deed of
10  Trust. The Deed of Trust created a lien upon certain real property situated at APN 163-090-33
11  and APN 163-090-33, both of which were formerly known as APN 163-090-11 and APN 163-
12  090-10 (the "SUBJECT PROPERTY").
13      56. The SUBJECT PROPERTY is situated and located in Reno, Washoe County,
14  Nevada, and this Court is a proper Court for trial of this action.
15      57. The Deed of Trust was recorded on our about July 20, 2007, in the Official
16  Records of the County Recorder's Office of Washoe County, Nevada, as Document No.
17  3556953.
18      58. On or about January 20, 2008, the KONOPISOS LENDERS' interest in the
19  Promissory Note and Deed of Trust were attempted to be reconveyed through forged signatures
20  of the KONOPISOS LENDERS on Requests for Full Reconveyance.
21      59. As the signatures were forged, the Requests for Full Reconveyance were void and
22  of no force and effect and all subsequent transactions are either void and of no force and effect
23  or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust.
24      60. The KONOPISOS LENDERS did not receive full repayment of all amounts due
25  and owing under the Promissory Note and did not reconvey their interest in the Deed of Trust.
26      61. On or about January 24, 2008, after the KONOPISOS LENDERS' interest in the
27  Promissory Note and Deed of Trust were attempted to be reconveyed through forged signatures
28  and forged documents, CETUS recorded, as Document No. 3614106 in the Official Records of

the County Recorder's Office of Washoe County, Nevada, a deed of trust for a portion of APN 163-090-33 to secure a promissory note in the amount of $305,000.00 made to Defendant WILLIAM A. KONOPISOS and in favor of the following beneficiaries:

- Plaintiffs JOHN J. DOUGLASS and CAROL K. DOUGLASS, as husband and wife as joint tenants, as to an undivided 59.0164% interest;
- Plaintiff STACY DOUGLASS MOVERLEY, a single woman, as to an undivided 28.5246% interest;
- Defendant LYNN MINDICINO SEP IRA DATED 4/15/94, as to an undivided 6.5574% interest;
- Defendants STEPHEN F. GIES and SHARON GIES, as husband and wife as joint tenants, as to an undivided 3.2787% interest; and
- Defendant CETUS MORTGAGE, LTD. 401(K) PROFIT SHARING PLAN MARCILIN A. BENVIN, Trustee, as to an undivided 2.6229% interest;

62. The deed of trust described in paragraph 61 above is either void and of no force and effect or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust.

63. On or about January 24, 2008, after the KONOPISOS LENDERS' interest in the Promissory Note and Deed of Trust were attempted to be reconveyed through forged signatures and forged documents, CETUS recorded, as Document No. 3614127 in the Official Records of the County Recorder's Office of Washoe County, Nevada, a deed of trust for APN 163-090-34 to secure a promissory note in the amount of $195,000.00 made to Defendant WILLIAM A. KONOPISOS and in favor of the following beneficiaries:

- Plaintiff CYNTHIA MORREY, a married woman as her sole and separate property, as to an undivided 61.5385% interest;
- Plaintiff HAZEL M. SIMMONS, an unmarried woman, and Plaintiff MARJORIE M. JONES, a married woman as her sole and separate property, as to an undivided 25.6410% interest; and
- Plaintiffs BILL SPIERSCH and BARBARA SPIERSCH, as husband and wife as joint tenants, as to an undivided 12.8205% interest.

64. The deed of trust described in paragraph 66 above is either void and of no force and effect or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust.

65. On or about January 24, 2008, after the KONOPISOS LENDERS' interest in the Promissory Note and Deed of Trust were attempted to be reconveyed through forged signatures and forged documents, CETUS recorded, as Document No. 3614128 in the Official Records of the County Recorder's Office of Washoe County, Nevada, a deed of trust for a portion of APN 163-090-33 to secure a promissory note in the amount of $535,000.00 made to Defendant WILLIAM A. KONOPISOS and in favor of the following beneficiaries:

- Plaintiff JIM ROSASCO, as Trustee for the ROSASCO FAMILY TRUST, as to an undivided 37.3832% interest;
- Plaintiffs WILLIAM E. BECKER and SHARON L. BECKER, as Trustees of THE BECKER FAMILY TRUST, as to an undivided 23.3646% interest;
- Plaintiff PAUL S. FEARS and STACEY NOLL FEARS, husband and wife as joint tenants with right of survivorship, as to an undivided 18.6916% interest;
- Defendants DOM GRAZIANO and LAURIE GRAZIANO, as husband and wife as joint tenants, as to an undivided 18.6916% interest;
- Defendant GREEN GRIFFIN, INC., a Nevada corporation, as to an undivided 0.9345% interest; and
- CETUS MORTGAGE, LTD., a Nevada corporation, as to an undivided 0.9345% interest.

66. The deed of trust described in paragraph 65 above is either void and of no force and effect or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust.

67. On or about January 24, 2008, after the KONOPISOS LENDERS' interest in the Promissory Note and Deed of Trust were attempted to be reconveyed through forged signatures and forged documents, CETUS recorded, as Document No. 3614129 in the Official Records of the County Recorder's Office of Washoe County, Nevada, a deed of trust for a portion of APN 163-090-33 to secure a promissory note in the amount of $910,000.00 made to Defendant WILLIAM A. KONOPISOS and in favor of the following beneficiaries:

- Defendant STEVEN L. MOSS and DIANE J. MOSS, as Trustees for the MOSS FAMILY TRUST, DATED 12/15/1988, as to an undivided 26.3736% interest;
- Defendant MOSS NEVADA, LLC, as to an undivided 13.1868% interest;
- Defendant STEVEN L. MOSS, as Trustee for the UROLOGIC SURGEONS, LTD. PROFIT SHARING PLAN AND TRUST for the benefit of STEVEN L. MOSS, M.D., as to an undivided 13.1868% interest;
- Defendant STEVEN L. MOSS, as Trustee for the DIANA J. MOSS EDUCATIONAL TRUST, as to an undivided 7.9121% interest;
- Defendants MICHAEL J. MELARKEY, JOHN B. MULLIGAN, AND MARK W. KNOBEL, as Trustees for the MELARKEY, KNOBEL & MULLIGAN PROFIT SHARING PLAN AND TRUST, as to an undivided 5.4945% interest;
- Defendant BERNIECE BEHRENS, as Trustee for the BEHRENS FAMILY TRUST DATED JULY 12, 1985, as to an undivided 5.4945% interest;
- Defendant MARY KAY WALKER, an unmarried woman, as to an undivided 4.6154% interest;
- Defendant NANCY L.M. GHUSN, as Trustee for THE NANCY L.M. GHUSN TRUST DATED JUNE 11, 2003, as to an undivided 4.3956% interest;
- Defendant STEVEN L. MOSS, as Trustee for the DAVID S. MOSS EDUCATIONAL TRUST, as to an undivided 3.9560% interest;
- Defendant BARBARA E. MOSS, as beneficiary of the PENSCO TRUST COMPANY CUSTODIAN for the benefit of BARBARA E. MOSS, as to an undivided 3.2967% interest;
- Defendant BARBARA J. CAIN, an unmarried woman as to an undivided 2.1978% interest;
- Defendant RICHARD A. SPERO, a married man as his sole and separate property, as to an undivided 2.1978% interest;
- Plaintiff JEANNE W. KEITH and Ray K. Keith, as wife and husband as joint tenants, as to an undivided 2.1978% interest;

- Defendants RICHARD A SPERO or LINDA SPERO, in trust for AARON J. SPERO, as to an undivided 1.0989% interest;
- Plaintiff JENNIFER R. HICKOK, as custodian for DEREK SCOTT REID under NV/UTMA, as to an undivided 1.0989% interest;
- Plaintiff JENNIFER R. HICKOK, as custodian for ERICA PAIGE REID, as to an undivided 1.0989% interest;
- Defendants GEORGE C. SCHUMACHER and TERRY ANNE SCHUMACHER, as husband and wife as joint tenants, as to an undivided 1.0989% interest; and
- CETUS MORTGAGE, LTD., a Nevada corporation, as to an undivided 0.5495% interest.

68.   The deed of trust described in paragraph 67 above is either void and of no force and effect or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust.

69.   Thereafter, on or about April 10, 2008, Defendant WILLIAM A. KONOPISOS conveyed his interest in the SUBJECT PROPERTY to Defendant W.A.K. DESIGN BUILD, LLC., by way of Grant, Bargain, Sale Deed.

70.   Thereafter, on or about April 17, 2008, after the KONOPISOS LENDERS' interest in the Promissory Note and Deed of Trust were attempted to be reconveyed through forged signatures and/or documents and other attempted invalid reconveyances, an additional deed of trust, was recorded as Document No. 3640969 in the Official Records of the County Recorder's Office of Washoe County, Nevada against APN 163-090-34 in order to secure a promissory note in the amount of $780,000.00 made to Defendant W.A.K. DESIGN BUILD, LLC., and in favor of the following beneficiaries:

- Defendants DON BLAIR ELLIS and MELBA J. ELLIS, as husband and wife as community property with right of survivorship, as to an undivided 87.18% interest; and
- Defendants KENNETH D. COXEY and VALERIE COXEY, as Trustees under the COXEY LIVING TRUST, dated December 3, 1998, as to an undivided 12.82% interest.

71. The deed of trust described in paragraph 70 above is either void and of no force and effect or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust.

72. Plaintiffs are informed and believe, and upon that basis alleged, that Defendants DON BLAIR ELLIS, MELBA J. ELLIS, KENNETH D. COXEY, a Trustee for the COXEY LIVING TRUST, and VALERIE COXEY, as Trustee of the COXEY LIVING TRUST, are attempting to foreclose on certain property situated at APN 163-090-34 in reliance upon a deed of trust which is void and of no force and effect. This deed of trust is either void and of no force and effect or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust and affects the property subject to the KONOPISOS LENDERS' Promissory Note and Deed of Trust.

73. As a result of this attempted foreclosure, certain of the KONOPISOS LENDERS recorded Notices of Forgery in the Official Records of the County Recorder's Office of Washoe County, Nevada.

74. The KONOPISOS LENDERS' Promissory Note and Deed of Trust are still valid and the Deed of Trust is in first position with regard to the SUBJECT PROPERTY.

75. Defendant WILLIAM A. KONOPISOS has defaulted under the terms of the Promissory Note and Deed of Trust, by among other things, failing to make the interest payments when due and by failing to pay the full principal balance along with accrued interest due on July 20, 2008.

76. There now remains due, owing and payable the principal sum of $1,000,000.00, plus accrued interest, together with late charges and costs and legal expenses as set forth in the Promissory Note and Deed of Trust, all according to proof at time of trial or entry of judgment.

77. Pursuant to the terms of the Promissory Note and Deed of Trust, Defendant WILLIAM A. KONOPISOS agreed to pay reasonable attorneys' fees incurred by the KONOPISOS LENDERS.

78. The KONOPISOS LENDERS desire to enforce their rights pursuant to the Promissory Note and Deed of Trust to foreclose upon their interest in said documents.

///

### FIRST CLAIM FOR RELIEF

**(Declaratory Relief As To Priority Of Liens Which Affects Property Of The Estate)**

79. Plaintiffs reallege and incorporate by reference paragraphs 1 through 78 as if fully set forth herein.

80. An actual controversy has arisen between Plaintiffs and Defendants, including the ESTATE, as to the nature and priority of liens, which affects property of the ESTATE.

81. As noted above, the KONOPISOS LENDERS assert that their Promissory Note and Deed of Trust remain in full force and effect and that the Deeds of Trust recorded in favor of Defendants, and including deeds of trust recorded in favor of CETUS (which are now property of the estate) are either null and void or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust. Plaintiffs are informed and believe, and upon that basis allege, that this position is disputed by Defendants.

82. Plaintiffs desire a judicial determination and declaration of this Court that the KONOPISOS LENDERS' Promissory Note and Deed of Trust remain in full force and effect and that all subsequent instruments recorded against the SUBJECT PROPERTY are either null and void and of no force and effect or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust.

83. A judicial declaration is necessary and appropriate at this time because the KONOPISOS LENDERS are unable to enforce their rights under the Promissory Note and Deed of Trust given the current state of the recorded title.

### SECOND CLAIM FOR RELIEF

**(Judicial Foreclosure)**

84. Plaintiffs reallege and incorporate by reference paragraphs 1 through 83 as if fully set forth herein.

85. Defendant WILLIAM A. KONOPISOS executed a Promissory Note and Deed of Trust in favor of Plaintiffs.

86. Defendant WILLIAM A. KONOPISOS has defaulted under the terms of the Promissory Note and Deed of Trust, by among other things, failing to make the interest

payments when due and by failing to pay the full principal balance along with accrued interest due on July 20, 2008.

87. There now remains due, owing and payable the principal sum of $1,000,000.00, plus accrued interest, together with late charges and costs and legal expenses as set forth in Promissory Note and Deed of Trust, all according to proof at time of trial or entry of judgment.

88. Pursuant to the terms of the Promissory Note and Deed of Trust, Defendant WILLIAM A. KONOPISOS agreed to pay reasonable attorneys' fees incurred by Plaintiffs.

89. Plaintiffs have duly performed all the conditions precedent on its part required to be performed.

90. Plaintiffs seek an order adjudging that (a) their interest in the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of their interest in the Deed of Trust and the property according to law by an appropriate person appointed by the Court, (c) the proceeds of such sale be applied in payment of the amounts due Plaintiffs, (d) any rents, income and profits derived from the property be applied in payment of the amounts due Plaintiffs, and (e) Defendants and all persons claiming under any documents subsequent to the execution of the Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims, or equity redemption in the property when the time for redemption has passed.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For declaratory relief that Plaintiffs Promissory Note and Deed of Trust are in first position and that all subsequently recorded deeds of trust and other documents are either null and void and of no force and effect or subordinate to the KONOPISOS LENDERS' Promissory Note and Deed of Trust;

2. For an order adjudging that (a) Plaintiffs' interest in the Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of their interest in the Deed of Trust and the property according to law by an appropriate person appointed by the Court, (c) the proceeds of such sale be applied in payment of the amounts due Plaintiffs, (d) any rents, income and profits derived from the property be applied in payment of the amounts due Plaintiffs, and (e)

1019687.3

16

| | |
|---|---|
| 1 | Defendants and all persons claiming under any documents subsequent to the execution of the |
| 2 | Deed of Trust, whether as lien claimants, judgment creditors, persons claiming under junior |
| 3 | deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, |
| 4 | claims, or equity redemption in the property when the time for redemption has passed. |

3. For attorneys' fees and costs of suit incurred herein; and

4. For such other relief as the Court deems proper.

DATED: August 4, 2009

DOWNEY BRAND LLP

By: /s/ Sallie B. Armstrong
SALLIE B. ARMSTRONG
*Attorney for Plaintiffs*
*The Konopisos Lenders*

1019687.3

17

COMPLAINT