JOHN F. MURTHA, ESQ.
**Nevada Bar No. 835**
BRENOCH R. WIRTHLIN, ESQ.
**Nevada Bar No. 10282**
WOODBURN AND WEDGE
Sierra Plaza
6100 Neil Road, Ste. 500
Post Office Box 2311
Reno, Nevada 89505
Telephone: 775-688-3000
Facsimile : 775-688-3088

jmurtha@woodburnandwedge.com

Attorneys for Trustee
Angelique L.M. Clark

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

* * *

In re:

CETUS MORTGAGE, LTD.

                    Debtor.
_____/

ANGELIQUE L.M. CLARK,
TRUSTEE,

                    Plaintiff,

          vs.

WILLIAM E. BECKER and
SHARON L. BECKER, Trustees
of the Becker Family Trust,

                    Defendant.
_____/

Case No.  BK-08-51131-GWZ
Chapter  7

Adv. No. _____

**COMPLAINT TO AVOID TRANSFERS
PURSUANT TO 11 USC §§ 544, 547(b),
548(a) AND/OR NRS § 112.180**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Angelique L.M. Clark, Trustee, by and through her counsel Woodburn and Wedge complains and alleges as follows:

I

## PARTIES, JURISDICTION AND VENUE

1. This case presents claims that arise under Title 11 USC and, therefore, this Court has jurisdiction over this matter pursuant to the provisions of 28 USC § 1334(b).

2. This matter presents issues relating to the determination, avoidance and recovery of preferential transfers and fraudulent conveyances and, therefore, the claims alleged herein are core proceedings under the provisions of 28 USC § 157(b)(2)(F) and (H).

3. This Court is a proper venue for this case under the provisions of 28 USC § 1409(a).

4. Plaintiff Angelique L.M. Clark ("Clark") is the duly appointed trustee of the Chapter 7 bankruptcy estate of Cetus Mortgage, Ltd. ("Cetus") pending before this Court as Case No. BK-08-51131 ("Bankruptcy").

5. The named Defendant ("Defendant") conducted business with Cetus within Washoe County, Nevada, and the claims asserted herein relate to such business activities.

6. Clark is uncertain whether the Defendant's full legal name, the nature of the Defendant's existence (corporation, partnership, limited liability company, etc.) and the named Trustee(s) of the Trust, if applicable, are correct and, therefore, reserves the

1
2
3

right to amend this Complaint at the appropriate time to properly identify any defendant that may not be properly named or designated.

4

II

5

**GENERAL ALLEGATIONS**

6
7

7.      At all times relevant to the matters alleged herein, Cetus was a Nevada corporation doing business in Washoe County, Nevada.

8
9
10
11
12

8.      Cetus was licensed as a mortgage company by the Mortgage Lending Division of the State of Nevada Department of Business and Industry and was engaged in the business of brokering and servicing loans secured by residential and commercial properties located mostly in Northern Nevada.

13
14
15
16
17

9.      Typically, loans brokered by Cetus were funded by investments solicited from third party investors willing to loan funds to Cetus borrowers. The loans brokered by Cetus were occasionally funded by a single investor, but in most instances the loans were funded with monies pooled from a group of investors.

18
19
20

10.     In July 2008, the State of Nevada, Department of Business and Industry, Division of Mortgage Lending seized Cetus' assets on the basis of several complaints from investors that Cetus had:

21

A.      Forged signatures on property conveyances;

22
23

B.      Altered property descriptions in deeds of trust without proper authorization;

24

C.      Failed to properly account for investors' funds; and

25

D.      Committed other violations of law.

26

///

27
28

11.    Cetus allowed its Nevada mortgage company license to expire without renewal on June 30, 2008.

12.    Cetus filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code with this Court on July 9, 2008, commencing the above captioned Bankruptcy.

13.    On July 17, 2008, Clark was appointed Trustee of Cetus' bankruptcy estate pursuant to the provisions of 11 USC § 1104. Cetus' Chapter 11 case was converted to Chapter 7 proceedings on August 19, 2008, and Clark was subsequently appointed Trustee of Cetus' Chapter 7 estate.

14.    Pursuant to 11 USC § 704, one of the duties of bankruptcy trustees is to investigate the financial affairs of the debtor. Clark has investigated, and continues to investigate, Cetus' financial affairs. To date, Clark's investigation has revealed, among other things, that:

A.    Contrary to Nevada State law and regulations governing mortgage companies, Cetus commingled investors' funds;

B.    Cetus used monies invested by lenders for purposes other than for which they were invested; and

C.    Cetus, in some instances, failed to repay investors when loans they funded were paid in full by the borrowers and, instead, used the repayment funds to pay other investor claims or fund its operations. In turn, Cetus used other investors' investment funds to continue to pay interest to the prior investors to make it appear borrowers were still making interest payments on the loans.

15.    Based upon her investigations to date, Clark alleges that Cetus was engaged in a phony investment scheme in which:

///

A.    Monies paid by later investors were, at times, used to pay returns on investments to earlier investors while no actual return had been received on behalf of the earlier investors;

B.    Monies that properly belonged to certain investors were used to continue to pay interest on investments made by other investors in an attempt to cover up the fact the other investors' loans had gone into default; and

C.    Monies invested by later investors was used to fund prior loans from which Cetus had improperly diverted funds to cover up the fact loan funds had been misused.

16.    Clark alleges that Cetus engaged in the phony investment activities referenced in Paragraph 14, above, for the purpose of causing investors, old and new, to continue to invest with Cetus, i.e. Cetus was engaged in a Ponzi scheme.

III

**FIRST CLAIM FOR RELIEF**
**(Preference—11 USC §547(b))**

17.    Clark repeats each and every allegation contained in Paragraphs 1 through 16, above, and incorporates the same herein as if set forth in their entirety.

18.    Based upon information available from Cetus' books and records, Clark is informed and believes, and on that basis alleges, that from and after April 10, 2008, and up until Cetus filed for bankruptcy relief, it made the following payments to the Defendant:

| DATE | CHECK NO | AMOUNT |
|---|---|---|
| 04/22/2008 | 96694 | $1,500.00 |
| 04/25/2008 | 96765 | $1,237.50 |
| 04/25/2008 | 96807 | $1,312.50 |
| 05/01/2008 | 96951 | $1,200.00 |
| 05/01/2008 | 96977 | $1,041.67 |
| 05/08/2008 | 97148 | $937.50 |
| 05/15/2008 | 97333 | $1,500.00 |
| 05/22/2008 | 97457 | $1,237.50 |
| 05/29/2008 | 97586 | $1,312.50 |
| 05/29/2008 | 97596 | $1,200.00 |

| 05/29/2008 | 97646 | $1,041.67 |
| 06/06/2008 | 97724 | $937.50 |
| 06/13/2008 | 97875 | $1,500.00 |
| 06/13/2008 | 97893 | $3,375.00 |

19.    At the time the payments set forth in Paragraph 18, above, were made the Defendant was a creditor of Cetus for purposes of 11 USC §547(b)(1).

20.    The payments referenced in Paragraph 18, above, were for or on account of an antecedent debt owed by Cetus before the payments were made.

21.    Cetus was insolvent at the time it made the payments referenced in Paragraph 18, above.

22.    The payments referenced in Paragraph 18, above, were made on or within ninety (90) days before Cetus filed its Chapter 11 petition in this matter.

23.    Should the Defendant be allowed to retain the payments referenced in Paragraph 18, above, it would receive more than it would otherwise receive if (a) this case were a chapter 7 case under Title 11; (b) the transfer had not been made; and (c) it received payment of such debt to the extent provided by Title 11.

24.    The payments referenced in Paragraph 18, above, constitute preferences pursuant to the provisions of 11 USC §547(b) that may be avoided by this Court.

Wherefore, Clark prays for relief as hereinafter set forth.

### IV

### SECOND CLAIM FOR RELIEF
### (Fraudulent Transfers—11 USC §548(a)(1)(A))

25.    Clark repeats each and every allegation contained in Paragraphs 1 through 24, above, and incorporates the same herein as if set forth in their entirety.

26.    Based upon information available from Cetus' books and records, Clark is informed and believes, and on that basis alleges, that from and after July 10, 2006, and up until Cetus filed for bankruptcy relief on July 9, 2008, it made payments to the Defendant and/or gave the Defendant interests in promissory notes, and that the aggregate value of the payments and the interests in the notes exceeded the amounts the Defendant had invested with Cetus ("Excess Transfers").

27.    The Excess Transfers referenced in Paragraph 26, above, were made on or within two (2) years before Cetus filed its Chapter 11 petition in this matter.

28.    Cetus made the Excess Transfers listed in Paragraph 26, above, with actual intent to hinder, delay, or defraud persons or entities to which Cetus was, or would become, indebted.

29.    The Excess Transfers referenced in Paragraph 26, above, constitute fraudulent transfers pursuant to 11 USC §548(a)(1)(A) that may be avoided by this Court.

Wherefore, Clark prays for relief as hereinafter set forth.

## V

### THIRD CLAIM FOR RELIEF
### (Fraudulent Transfers—11 USC §548(a)(1)(B))

30.    Clark repeats each and every allegation contained in Paragraphs 1 through 29, above, and incorporates the same herein as if set forth in their entirety.

31.    At the time Cetus made the Excess Transfers referenced in Paragraph 26, above, Cetus received less than equivalent value in exchange for the payment.

32.    At the time Cetus made the Excess Transfers referenced in Paragraph 26, above, Cetus was either insolvent or rendered insolvent as a result of the payments.

33.    The Excess Transfers referenced in Paragraph 26, above, constitute fraudulent transfers pursuant to 11 USC §548(a)(1)(B) that may be avoided by this Court.

Wherefore, Clark prays for relief as hereinafter set forth.

## VI

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Transfers—NRS §112.180(1)(a))

34.    Clark repeats each and every allegation contained in Paragraphs 1 through 33, above, and incorporates the same herein as if set forth in their entirety.

35.    Pursuant to 11 USC §544, Clark has the rights and powers of a lien creditor and as a successor to certain creditors and purchasers which provides her with standing to bring any fraudulent transfer actions that may exist under non-bankruptcy law.

36.    Based upon information available from Cetus' books and records, Clark is informed and believes, and on that basis alleges, that from and after July 10, 2004, and up until Cetus filed for bankruptcy relief on July 9, 2008, it made payments to the Defendant and/or gave the Defendant interests in promissory notes, and that the aggregate value of the payments and the interests in the notes exceeded the amounts it had invested with Cetus ("Excess Transfers").

37.    Cetus made the Excess Transfers listed in Paragraph 36, above, with actual intent to hinder, delay, or defraud its creditors.

38.    The Excess Transfers referenced in Paragraph 36, above, constitute fraudulent transfers pursuant to NRS §112.180(1)(a) that may be avoided by this Court.

Wherefore, Clark prays for relief as follows:

///

A.     For an order voiding the payments referenced in Paragraph 15 as preferential transfers under the provisions of 11 USC §577(b)(1);

B.     For an order voiding the Excess Transfers referenced in Paragraph 26 as fraudulent transfers under the provisions of 11 USC § 548(a)(1)(A);

C.     For an order voiding the Excess Transfers referenced in Paragraph 26 as fraudulent transfers under the provisions of 11 USC § 548(a)(1)(B);

D.     For an order voiding the Excess Transfers referenced in Paragraph 36 as fraudulent transfers under the provisions of NRS §112.180(1)(a);

E.     For judgment against the Defendant, or any immediate or mediate transferee of any preferential payment or fraudulent transfer, in an amount to be proven at the trial in this matter, as provided in 11 USC §550;

F.     For an award of costs incurred in connection with the prosecution of this matter;

G.     For an award of attorneys' fees incurred in connection with the prosecution of this matter; and

H.     For such other and further relief as to this Court is necessary or appropriate under the circumstances.

DATED this 30th day of June, 2010.

WOODBURN and WEDGE

By_____
John F. Murtha, Esq.
Attorneys for Trustee
Angelique L.M. Clark