1 | Jeffrey L. Hartman, Esq., #001607
**HARTMAN & HARTMAN**          **E-Filed**    8/26/10
2 | 510 West Plumb Lane, Suite B
Reno, Nevada 89509
3 | Telephone: (775) 324-2800
Facsimile: (775) 324-1818
4 | E-mail: notices@bankruptcyreno.com

5 | Attorneys for Plaintiffs

6 | **UNITED STATES BANKRUPTCY COURT**

7 | **DISTRICT OF NEVADA**

8 | Case No. NV-08-51131-GWZ
IN RE:

9 | Chapter 7
CETUS MORTGAGE, LTD.,

10 |
Debtor.

11 | _____/

Adv. No. _____

12 | CYNTHIA MORREY; RICHARD W.
EICHHORN; MICHAEL RHOADS, as | **COMPLAINT FOR JUDICIAL**
13 | General Partner for SPRINGVILLE | **FORECLOSURE, DECLARATORY**
INVESTORS II GP and as General Partner | **RELIEF**
14 | for COUNTRY RHOADS ASSOCIATES
LP; PAUL S. FEARS; STACEY NOLL
15 | FEARS; DEAN S. HAGEN as Trustee for
HAGEN LIVING TRUST; IRENE J.
16 | HAGEN as Trustee for HAGEN LIVING
TRUST; ELMER R. VACCHINA as Trustee
17 | for ELMER R. VACCHINA TRUST;
WILLIAM H. WRIGHT as Trustee for
18 | WRIGHT FAMILY TRUST; ROSALIE M.
WRIGHT as Trustee for WRIGHT FAMILY
19 | TRUST; STEVEN A. TUTTLE; NANCY R.
TUTTLE; OPAL A. SMITH as Trustee of the
20 | survivor's trust under the LEONARD W.
AND OPAL A. SMITH FAMILY TRUST;
21 | GEORGE M. DIXON; JANIS A. DIXON;
ELSEY D. HARDEN as Trustee of
22 | HARDEN 1992 FAMILY TRUST; MARIE
JEANNE HARDEN as Trustee of HARDEN
23 | 1992 FAMILY TRUST; MICHAEL
BENNING; LORI BENNING; BARBARA
24 | D. BEAL as Trustee for BARBARA D.
BEAL LIVING TRUST; HELEN L. NOLTE
25 | as Trustee for HELEN L. NOLTE LIVING
TRUST; CARY P. YOUNG; ERIN M.
26 | YOUNG; PHILIP L. GREEN; DONNA M.
GREEN; RAY P. HOGLAND as Trustee for
27 | 2002 HOGLAND TRUST; WILLIAM H.
JEPHSON as Trustee for JEPHSON
28 | FAMILY TRUST; ELEANOR J. JEPHSON

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-1-

1 | as Trustee for JEPHSON FAMILY TRUST;
RANDALL R. RUCH as Trustee for
2 | SCHUYKILL VALLEY SPORTING
GOODS, INC. PROFIT SHARING PLAN;
3 | GERALD WILLIAMS as Trustee for
SCHUYKILL VALLEY SPORTING
4 | GOODS, INC. PROFIT SHARING PLAN;
JAY SCHAEFFER, VICTOR ALAN
5 | PERRY as Trustee for VICTOR ALAN
PERRY, LLC DEFINED BENEFIT
6 | PENSION PLAN; and SHARLENE JONES
as executor for IRENE S. K. CHUN
7 | (deceased).

8        Plaintiffs,

9  vs.

10 | RONALD E. OSBORN; BRENT P.
OSBORN; OSBORN DEVELOPMENT,
11 | CO., LLC, a Nevada limited liability
company, RV & YACHT I, LLC, a Nevada
12 | limited liability company; BILL BOOTH;
LAVONE BOOTH; GENE E.
13 | MCCLELLAND as Trustee for
MCCLELLAND LIVING TRUST;
14 | PATRICIA L. MCCLELLAND as Trustee
for MCCLELLAND LIVING TRUST;
15 | GEORGE C. SCHUMACHER; TERRY
ANNE SCHUMACHER; DUANE E.
16 | FLESHMAN; JOHNNIE M. FLESHMAN;
STACY L. DOUTRE as custodian for
17 | DEREK M. DOUTRE; RAJEN N. BHATT;
GINO V. MOTL; JOANNE
18 | TOMASIEWICZ; PEGGY LAKEY;
RODGER LAKEY; WILLIAM T. HIGGS;
19 | JUDY E. HIGGS; KELVIN R. LAIRD;
ROBERT J. FRICKE as Successor Trustee of
20 | the FRICKE 2001 FAMILY TRUST;
DARLENE LUSTER; DEBRA LYNN
21 | HORTON; HAZEL M. SIMMONS;
MARJORIE M. JONES; CHARLES E.
22 | SLAVIN as Trustee for SLAVIN FAMILY
REVOCABLE TRUST; PATRICIA E.
23 | SLAVIN as Trustee for SLAVIN FAMILY
REVOCABLE TRUST; PETER ALBERT
24 | JEPHSON; ETHEL G. JEPHSON;
QUARLES G. GELTZ, JR.; LOA JEAN
25 | GELTZ; STEPHEN F. GIES; SHARON
GIES; RICHARD P. ASH as Trustee for
26 | RICHARD P. AND MARY L. ASH 1990
FAMILY TRUST; MARY L. ASH as
27 | Trustee for RICHARD P. AND MARY L.
ASH 1990 FAMILY TRUST; GEORGE M.
28 | DIXON as Trustee for DIXON ELECTRIC

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-2-

1 | PENSION PLAN TRUST; JENNIFER
HICKOK; VERONICA DORRIE as Trustee
2 | for VERONICA DORRIE TRUST; JEANNE
W. KEITH; RAY K. KEITH; HENRY L.
3 | CLARK as Trustee for HENRY L. CLARK
AND ROBERTA L. CLARK 1993 FAMILY
4 | TRUST; ROBERTA L. CLARK as Trustee
for HENRY L. CLARK AND ROBERTA L.
5 | CLARK 1993 FAMILY TRUST; JENNIFER
R. HICKOK; C/F JAMISON LEIGH
6 | LUNDEMO; CAROL E. PORTA as Trustee
for CAROL R. PORTA REVOCABLE
7 | TRUST; GAYLE ROBINSON; MICHAEL
JOHN PONTRELLI as Trustee for
8 | PONTRELLI FAMILY TRUST; NORMA
JEAN PONTRELLI as Trustee for
9 | PONTRELLI FAMILY TRUST;
JONATHAN EDWARD ARNOW as
10 | Trustee for TESSA ARNOW TRUST;
CLYDE R. BROWN as Trustee for BROWN
11 | FAMILY TRUST; SHARAN L. BROWN as
Trustee for BROWN FAMILY TRUST;
12 | CYNTHIA G. DAVIS as Trustee for
SECONDED AMENDED CYNTHIA G.
13 | DAVIS LIVING TRUST DATED JULY 1,
2004; TRACE W. GEIL; MARY A.
14 | GIANNOTTI as Trustee for GIANNOTTI
FAMILY BYPASS TRUST CREATED
15 | UNDER THE GIANNOTTI 1990
REVOCABLE TRUST DATED OCTOBER
16 | 23, 1990; BEVERLY WALLACE; LOIS G.
ROBINSON; JOHN R. LINDELL as Trustee
17 | for LINDELL'S PAINTING SERVICE
MONEY PURCHASE PENSION PLAN
18 | AGREEMENT; BARBARA A. LINDELL as
Trustee for LINDELL'S PAINTING
19 | SERVICE MONEY PURCHASE PENSION
PLAN AGREEMENT; SHERRI KEY as
20 | Trustee for LINDELL'S PAINTING
SERVICE MONEY PURCHASE PENSION
21 | PLAN AGREEMENT; ANGELIQUE
CLARK as Trustee for CETUS
22 | MORTGAGE; and STOREY COUNTY,
NEVADA
23 |
    Defendants.
24 |
25 | _____/

26 | Plaintiffs CYNTHIA MORREY; RICHARD W. EICHHORN; MICHAEL

27 | RHOADS, as General Partner for SPRINGVILLE INVESTORS II GP and as General

28 | Partner for COUNTRY RHOADS ASSOCIATES LP; PAUL S. FEARS; STACEY NOLL

1  FEARS; DEAN S. HAGEN as Trustee for HAGEN LIVING TRUST; IRENE J. HAGEN as

2  Trustee for HAGEN LIVING TRUST; ELMER R. VACCHINA as Trustee for ELMER R.

3  VACCHINA TRUST; WILLIAM H. WRIGHT as Trustee for WRIGHT FAMILY TRUST;

4  ROSALIE M. WRIGHT as Trustee for WRIGHT FAMILY TRUST; STEVEN A. TUTTLE;

5  NANCY R. TUTTLE; OPAL A. SMITH as Trustee of the survivor's trust under the

6  LEONARD W. AND OPAL A. SMITH FAMILY TRUST; GEORGE M. DIXON; JANIS

7  A. DIXON; ELSEY D. HARDEN as Trustee of HARDEN 1992 FAMILY TRUST; MARIE

8  JEANNE HARDEN as Trustee of HARDEN 1992 FAMILY TRUST; MICHAEL

9  BENNING; LORI BENNING; BARBARA D. BEAL as Trustee for BARBARA D. BEAL

10  LIVING TRUST; HELEN L. NOLTE as Trustee for HELEN L. NOLTE LIVING TRUST;

11  CARY P. YOUNG; ERIN M. YOUNG; PHILIP L. GREEN; DONNA M. GREEN; RAY P.

12  HOGLAND as Trustee for 2002 HOGLAND TRUST; WILLIAM H. JEPHSON as Trustee

13  for JEPHSON FAMILY TRUST; ELEANOR J. JEPHSON as Trustee for JEPHSON

14  FAMILY TRUST; RANDALL R. RUCH as Trustee for SCHUYKILL VALLEY

15  SPORTING GOODS, INC. PROFIT SHARING PLAN; GERALD WILLIAMS as Trustee

16  for SCHUYKILL VALLEY SPORTING GOODS, INC. PROFIT SHARING PLAN; JAY

17  SCHAEFFER, and VICTOR ALAN PERRY as Trustee for VICTOR ALAN PERRY, LLC

18  DEFINED BENEFIT PENSION PLAN (hereinafter "Plaintiffs"),

19  as and for their complaint against Defendants RONALD E. OSBORN; BRENT P.

20  OSBORN; OSBORN DEVELOPMENT, CO., LLC, a Nevada limited liability company,

21  RV & YACHT I, LLC, a Nevada limited liability company; BILL BOOTH; LAVONE

22  BOOTH; GENE E. MCCLELLAND as Trustee for MCCLELLAND LIVING TRUST;

23  PATRICIA L. MCCLELLAND as Trustee for MCCLELLAND LIVING TRUST; GEORGE

24  C. SCHUMACHER; TERRY ANNE SCHUMACHER; DUANE E. FLESHMAN;

25  JOHNNIE M. FLESHMAN; STACY L. DOUTRE as custodian for DERREK M. DOUTRE;

26  RAJEN N. BHATT; GINO V. MOTL; JOANNE TOMASIEWICZ; PEGGY LAKEY;

27  RODGER LAKEY; WILLIAM T. HIGGS; JUDY E. HIGGS; KELVIN R. LAIRD;

28  ROBERT J. FRICKE as Successor Trustee of the FRICKE 2001 FAMILY TRUST;

1 | DARLENE LUSTER; DEBRA LYNN HORTON; HAZEL M. SIMMONS; MARJORIE M.
2 | JONES; CHARLES E. SLAVIN as Trustee for SLAVIN FAMILY REVOCABLE TRUST;
3 | PATRICIA E. SLAVIN as Trustee for SLAVIN FAMILY REVOCABLE TRUST; PETER
4 | ALBERT JEPHSON; ETHEL G. JEPHSON; CHARLES G. GELTZ, JR.; LOA JEAN
5 | GELTZ; STEPHEN F. GIES; SHARON GIES; RICHARD P. ASH as Trustee for
6 | RICHARD P. AND MARY L. ASH 1990 FAMILY TRUST; MARY L. ASH as Trustee for
7 | RICHARD P. AND MARY L. ASH 1990 FAMILY TRUST; GEORGE M. DIXON as
8 | Trustee for DIXON ELECTRIC PENSION PLAN TRUST; JENNIFER HICKOK;
9 | VERONICA DORRIE as Trustee for VERONICA DORRIE TRUST; JEANNE W. KEITH;
10 | RAY K. KEITH; HENRY L. CLARK as Trustee for HENRY L. CLARK AND ROBERTA
11 | L. CLARK 1993 FAMILY TRUST; ROBERTA L. CLARK as Trustee for HENRY L.
12 | CLARK AND ROBERTA L. CLARK 1993 FAMILY TRUST; JENNIFER R. HICKOK;
13 | C/F JAMISON LEIGH LUNDEMO; CAROL E. PORTA as Trustee for CAROL R. PORTA
14 | REVOCABLE TRUST; GAYLE ROBINSON; MICHAEL JOHN PONTRELLI as Trustee
15 | for PONTRELLI FAMILY TRUST; NORMA JEAN PONTRELLI as Trustee for
16 | PONTRELLI FAMILY TRUST; JONATHAN EDWARD ARNOW as Trustee for TESSA
17 | ARNOW TRUST; CLYDE R. BROWN as Trustee for BROWN FAMILY TRUST;
18 | SHARAN L. BROWN as Trustee for BROWN FAMILY TRUST; CYNTHIA G. DAVIS as
19 | Trustee for SECONDED AMENDED CYNTHIA G. DAVIS LIVING TRUST DATED
20 | JULY 1, 2004; TRACE W. GEIL; MARY A. GIANNOTTI as Trustee for GIANNOTTI
21 | FAMILY BYPASS TRUST CREATED UNDER THE GIANNOTTI 1990 REVOCABLE
22 | TRUST DATED OCTOBER 23, 1990; BEVERLY WALLACE; LOIS G. ROBINSON;
23 | JOHN R. LINDELL as Trustee for LINDELL'S PAINTING SERVICE MONEY
24 | PURCHASE PENSION PLAN AGREEMENT; BARBARA A. LINDELL as Trustee for
25 | LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION PLAN
26 | AGREEMENT; SHERRI KEY as Trustee for LINDELL'S PAINTING SERVICE MONEY
27 | PURCHASE PENSION PLAN AGREEMENT; ANGELIQUE CLARK as Trustee for
28 | CETUS MORTGAGE; and STOREY COUNTY(hereinafter "Defendants"), hereby state and

1  allege as follows:

2  ### JURISDICTION

3     1.   This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§157(a)
4  and 1334 and LR 1001.

5     2.   This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

6     3.   Venue is proper in this court by reason of 28 U.S.C. §1409.

7  ### PARTIES

8  **Plaintiffs**

9     4.   Plaintiff CYNTHIA MORREY, at all times mentioned herein, is and was an
10  individual residing in Washoe County, Nevada.

11     5.   Plaintiff RICHARD W. EICHHORN, at all times mentioned herein, is and
12  was an individual residing in the state of Pennsylvania. EICHHORN has given a limited
13  power of attorney to Plaintiff Morrey authorizing her to manage this litigation and to
14  eventually liquidate the PROPERTY and to receive proportionate reimbursement for
15  expenditures incurred in this litigation.

16     6.   Plaintiff MICHAEL RHOADS, at all times mentioned herein, is and was an
17  individual residing in the state of Pennsylvania, and is and was a General Partner for
18  SPRINGVILLE INVESTORS II GP and a General Partner for COUNTRY RHOADS
19  ASSOCIATES LP. RHOADS has given a limited power of attorney to Plaintiff Morrey
20  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to
21  receive proportionate reimbursement for expenditures incurred in this litigation.

22     7.   Plaintiff PAUL S. FEARS, at all times mentioned herein, is and was an
23  individual residing in the state of Pennsylvania. FEARS has given a limited power of
24  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually
25  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures
26  incurred in this litigation.

27     8.   Plaintiff STACEY NOLL FEARS, at all times mentioned herein, is and was
28  an individual residing in the state of Pennsylvania. FEARS has given a limited power of

1  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually
2  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures
3  incurred in this litigation.

4      9.    Plaintiff DEAN S. HAGEN, at all times mentioned herein, is and was an
5  individual residing in the state of Florida, and is and was a Trustee for HAGEN LIVING
6  TRUST.  HAGEN has given a limited power of attorney to Plaintiff Morrey authorizing her
7  to manage this litigation and to eventually liquidate the PROPERTY and to receive
8  proportionate reimbursement for expenditures incurred in this litigation.

9      10.    Plaintiff IRENE J. HAGEN, at all times mentioned herein, is and was an
10  individual residing in the state of Florida, and is and was a Trustee for HAGEN LIVING
11  TRUST.  HAGEN has given a limited power of attorney to Plaintiff Morrey authorizing her
12  to manage this litigation and to eventually liquidate the PROPERTY and to receive
13  proportionate reimbursement for expenditures incurred in this litigation.

14      11.    Plaintiff ELMER R. VACCHINA, at all times mentioned herein, is and was
15  an individual residing in Washoe County, Nevada, and is and was a Trustee for ELMER R.
16  VACCHINA TRUST.  VACCHINA has given a limited power of attorney to Plaintiff
17  Morrey authorizing her to manage this litigation and to eventually liquidate the PROPERTY
18  and to receive proportionate reimbursement for expenditures incurred in this litigation.

19      12.    Plaintiff ROSALIE M. WRIGHT, at all times mentioned herein, is and was
20  an individual residing in the state of California and is and was a Trustee for WRIGHT
21  FAMILY TRUST.  WRIGHT has given a limited power of attorney to Plaintiff Morrey
22  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to
23  receive proportionate reimbursement for expenditures incurred in this litigation.

24      13.    Plaintiff WILLIAM H. WRIGHT was an individual residing in the state of
25  California and is now deceased.  WRIGHT has given a limited power of attorney to Plaintiff
26  Morrey authorizing her to manage this litigation and to eventually liquidate the PROPERTY
27  and to receive proportionate reimbursement for expenditures incurred in this litigation.

28      14.    Plaintiff STEVEN A. TUTTLE, at all times mentioned herein, is and was an

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-7-

1   individual residing in Washoe County, Nevada. TUTTLE has given a limited power of

2   attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

3   liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

4   incurred in this litigation.

5       15.    Plaintiff NANCY R. TUTTLE, at all times mentioned herein, is and was an

6   individual residing in Washoe County, Nevada. TUTTLE has given a limited power of

7   attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

8   liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

9   incurred in this litigation.

10      16.    Plaintiff OPAL A. SMITH, at all times mentioned herein, is and was an

11  individual residing in Washoe County, Nevada, and is and was a Trustee of the survivor's

12  trust under the LEONARD W. AND OPAL A. SMITH FAMILY TRUST. SMITH has

13  given a limited power of attorney to Plaintiff Morrey authorizing her to manage this

14  litigation and to eventually liquidate the PROPERTY and to receive proportionate

15  reimbursement for expenditures incurred in this litigation.

16      17.    Plaintiff GEORGE M. DIXON, at all times mentioned herein, is and was an

17  individual residing in Washoe County, Nevada. DIXON has given a limited power of

18  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

19  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

20  incurred in this litigation.

21      18.    Plaintiff JANIS A. DIXON was an individual residing in Washoe County,

22  Nevada, and is now deceased. DIXON has given a limited power of attorney to Plaintiff

23  Morrey authorizing her to manage this litigation and to eventually liquidate the PROPERTY

24  and to receive proportionate reimbursement for expenditures incurred in this litigation.

25      19.    Plaintiff ELSEY D. HARDEN, at all times mentioned herein, is and was an

26  individual residing in Washoe County, Nevada, and is and was a Trustee for HARDEN 1992

27  FAMILY TRUST. HARDEN has given a limited power of attorney to Plaintiff Morrey

28  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

1   receive proportionate reimbursement for expenditures incurred in this litigation.

2       20.     Plaintiff MARIE JEANNE HARDEN, at all times mentioned herein, is and

3   was an individual residing in Washoe County, Nevada, and is and was a Trustee for

4   HARDEN 1992 FAMILY TRUST.  HARDEN has given a limited power of attorney to

5   Plaintiff Morrey authorizing her to manage this litigation and to eventually liquidate the

6   PROPERTY and to receive proportionate reimbursement for expenditures incurred in this

7   litigation.

8       21.     Plaintiff MICHAEL BENNING, at all times mentioned herein, is and was an

9   individual residing in Washoe County, Nevada.  BENNING has given a limited power of

10  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

11  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

12  incurred in this litigation.

13      22.     Plaintiff LORI BENNING, at all times mentioned herein, is and was an

14  individual residing in Washoe County, Nevada.  BENNING has given a limited power of

15  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

16  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

17  incurred in this litigation.

18      23.     Plaintiff BARBARA D. BEAL, at all times mentioned herein, is and was an

19  individual residing in Washoe County, Nevada, and is and was a Trustee for BARBARA D.

20  BEAL LIVING TRUST.  BEAL has given a limited power of attorney to Plaintiff Morrey

21  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

22  receive proportionate reimbursement for expenditures incurred in this litigation.

23      24.     Plaintiff HELEN L. NOLTE, at all times mentioned herein, is and was an

24  individual residing in Washoe County, Nevada, and is and was a Trustee for HELEN L.

25  NOLTE LIVING TRUST.  NOLTE has given a limited power of attorney to Plaintiff Morrey

26  authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

27  receive proportionate reimbursement for expenditures incurred in this litigation.

28      25.     Plaintiff CARY P. YOUNG, at all times mentioned herein, is and was an

1  individual residing in Washoe County, Nevada.  YOUNG has given a limited power of

2  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

3  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

4  incurred in this litigation.

5        26.    Plaintiff ERIN M. YOUNG, at all times mentioned herein, is and was an

6  individual residing in Washoe County, Nevada.  YOUNG has given a limited power of

7  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

8  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

9  incurred in this litigation.

10       27.    Plaintiff PHILLIP L. GREEN, at all times mentioned herein, is and was an

11 individual residing in the state of Colorado.  GREEN has given a limited power of attorney

12 to Plaintiff Morrey authorizing her to manage this litigation and to eventually liquidate the

13 PROPERTY and to receive proportionate reimbursement for expenditures incurred in this

14 litigation.

15       28.    Plaintiff DONNA M. GREEN, at all times mentioned herein, is and was an

16 individual residing in the state of Colorado.  GREEN has given a limited power of attorney

17 to Plaintiff Morrey authorizing her to manage this litigation and to eventually liquidate the

18 PROPERTY and to receive proportionate reimbursement for expenditures incurred in this

19 litigation.

20       29.    Plaintiff RAY P. HOGLAND, at all times mentioned herein, is and was an

21 individual residing in Washoe County, Nevada, and is and was a Trustee for 2002

22 HOGLAND TRUST.  HOGLAND has given a limited power of attorney to Plaintiff Morrey

23 authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

24 receive proportionate reimbursement for expenditures incurred in this litigation.

25       30.    Plaintiff WILLIAM H. JEPHSON, at all times mentioned herein, is and was

26 an individual residing in Washoe County, Nevada, and is and was a Trustee for JEPHSON

27 FAMILY TRUST.  JEPHSON has given a limited power of attorney to Plaintiff Morrey

28 authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

1   receive proportionate reimbursement for expenditures incurred in this litigation.

2       31.     Plaintiff ELEANOR J. JEPHSON, at all times mentioned herein, is and was

3   an individual residing in Washoe County, Nevada, and is and was a Trustee for JEPHSON

4   FAMILY TRUST. JEPHSON has given a limited power of attorney to Plaintiff Morrey

5   authorizing her to manage this litigation and to eventually liquidate the PROPERTY and to

6   receive proportionate reimbursement for expenditures incurred in this litigation.

7       32.     Plaintiff RANDALL R. RUCH, at all times mentioned herein, is and was an

8   individual residing in the state of Pennsylvania, and is and was a Trustee for SCHUYKILL

9   VALLEY SPORTING GOODS, INC. PROFIT SHARING PLAN. RUCH has given a

10  limited power of attorney to Plaintiff Morrey authorizing her to manage this litigation and to

11  eventually liquidate the PROPERTY and to receive proportionate reimbursement for

12  expenditures incurred in this litigation.

13      33.     Plaintiff JAY SCHAEFFER, at all times mentioned herein, is and was an

14  individual residing in the state of Pennsylvania. SCHAEFFER has given a limited power of

15  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

16  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

17  incurred in this litigation

18      34.     Plaintiff VICTOR ALAN PERRY as Trustee for VICTOR ALAN PERRY,

19  LLC DEFINED BENEFIT PENSION PLAN, is a resident of the State of Nevada, County of

20  Washoe.  PERRY has given a limited power of attorney to Plaintiff Morrey authorizing her

21  to manage this litigation and to eventually liquidate the PROPERTY and to receive

22  proportionate reimbursement for expenditures incurred in this litigation.

23      35.     Plaintiff SHARLENE JONES as executor for IRENE S. K. CHUN

24  (deceased), is a resident of the State of Washington. JONES has given a limited power of

25  attorney to Plaintiff Morrey authorizing her to manage this litigation and to eventually

26  liquidate the PROPERTY and to receive proportionate reimbursement for expenditures

27  incurred in this litigation.

28

1  **Defendants**

2      36.    Plaintiff is informed and believes and thereon alleges that Defendant

3  RONALD E. OSBORN, is a resident of the State of Nevada, County of Washoe.

4      37.    Plaintiff is informed and believes and thereon alleges that Defendant BRENT

5  P. OSBORN, is a resident of the State of Nevada, County of Washoe.

6      38.  Plaintiff is informed and believes and thereon alleges that Defendant OSBORN

7  DEVELOPMENT, CO., LLC, is a Nevada limited liability company with Defendant

8  BRENT P. OSBORN or Defendant RONALD E. OSBORN acting as manager.

9      39.  Plaintiff is informed and believes and thereon alleges that Defendant RV &

10  YACHT I, LLC, is a Nevada limited liability company with Defendant BRENT P. OSBORN

11  or Defendant RONALD E. OSBORN acting as manager.

12      40.    Plaintiff is informed and believes and thereon alleges that Defendant BILL

13  BOOTH, is a resident of the State of Nevada, County of Lyon.

14      41.    Plaintiff is informed and believes and thereon alleges that Defendant

15  LAVONE BOOTH, is a resident of the State of Nevada, County of Lyon.

16      42.    Plaintiff is informed and believes and thereon alleges that Defendant GENE

17  E. MCCLELLAND as Trustee for MCCLELLAND LIVING TRUST, is a resident of the

18  State of Nevada, County of Washoe.

19      43.    Plaintiff is informed and believes and thereon alleges that Defendant

20  PATRICIA L. MCCLELLAND as Trustee for MCCLELLAND LIVING TRUST, is a

21  resident of the State of Nevada, County of Washoe.

22      44.    Plaintiff is informed and believes and thereon alleges that Defendant

23  GEORGE C. SCHUMACHER, is a resident of the State of Illinois.

24      45.    Plaintiff is informed and believes and thereon alleges that Defendant TERRY

25  ANNE SCHUMACHER, is a resident of the State of Illinois.

26      46.    Plaintiff is informed and believes and thereon alleges that Defendant DUANE

27  E. FLESHMAN, is a resident of the State of Florida.

28      47.    Plaintiff is informed and believes and thereon alleges that Defendant

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-12-

1  JOHNNIE M. FLESHMAN, is a resident of the State of Florida.

2      48.    Plaintiff is informed and believes and thereon alleges that Defendant STACY

3  L. DOUTRE as custodian for DEREK M. DOUTRE, is a resident of the State of Nevada,

4  County of Washoe.

5      49.    Plaintiff is informed and believes and thereon alleges that Defendant RAJEN

6  N. BHATT, is a resident of the State of Nevada, County of Washoe.

7      50.    Plaintiff is informed and believes and thereon alleges that Defendant  GINO

8  V. MOTL, is a resident of the State of Florida.

9      51.    Plaintiff is informed and believes and thereon alleges that Defendant

10  JOANNE TOMASIEWICZ, is a resident of the State of Florida.

11      52.    Plaintiff is informed and believes and thereon alleges that Defendant PEGGY

12  LAKEY, is a resident of the State of Nevada, County of Washoe.

13      53.    Plaintiff is informed and believes and thereon alleges that Defendant

14  RODGER LAKEY, is a resident of the State of Nevada, County of Washoe.

15      54.    Plaintiff is informed and believes and thereon alleges that Defendant

16  WILLIAM T. HIGGS, is a resident of the State of Nevada, County of Washoe.

17      55.    Plaintiff is informed and believes and thereon alleges that Defendant JUDY

18  E. HIGGS, is a resident of the State of Nevada, County of Washoe.

19      56.    Plaintiff is informed and believes and thereon alleges that Defendant

20  KELVIN R. LAIRD, is a resident of the State of Nevada, County of Washoe.

21      57.    Plaintiff is informed and believes and thereon alleges that Defendant

22  ROBERT J. FRICKE as Successor Trustee of the FRICKE 2001 FAMILY TRUST, is a

23  resident of the State of Nevada, County of Washoe.

24      58.    Plaintiff is informed and believes and thereon alleges that Defendant

25  DARLENE LUSTER, is a resident of the State of Nevada, County of Washoe.

26      59.    Plaintiff is informed and believes and thereon alleges that Defendant DEBRA

27  LYNN HORTON, is a resident of the State of Nevada, County of Washoe.

28      60.    Plaintiff is informed and believes and thereon alleges that Defendant HAZEL

1  M. SIMMONS, is a resident of the State of Nevada, County of Washoe.

2      61.    Plaintiff is informed and believes and thereon alleges that Defendant

3  MARJORIE M. JONES, is a resident of the State of Nevada, County of Washoe.

4      62.    Plaintiff is informed and believes and thereon alleges that Defendant

5  CHARLES E. SLAVIN as Trustee for SLAVIN FAMILY REVOCABLE TRUST, is a

6  resident of the State of Nevada, County of Washoe.

7      63.    Plaintiff is informed and believes and thereon alleges that Defendant

8  PATRICIA E. SLAVIN as Trustee for SLAVIN FAMILY REVOCABLE TRUST, is a

9  resident of the State of Nevada, County of Washoe.

10     64.    Plaintiff is informed and believes and thereon alleges that Defendant PETER

11  ALBERT JEPHSON, is a resident of the State of Idaho.

12     65.    Plaintiff is informed and believes and thereon alleges that Defendant ETHEL

13  G. JEPHSON, is a resident of the State of Idaho.

14     66.    Plaintiff is informed and believes and thereon alleges that Defendant

15  CHARLES G. GELTZ, JR., is a resident of the State of Utah.

16     67.    Plaintiff is informed and believes and thereon alleges that Defendant LOA

17  JEAN GELTZ, is a resident of the State of Utah.

18     68.    Plaintiff is informed and believes and thereon alleges that Defendant

19  STEPHEN F. GIES, is a resident of the State of California.

20     69.    Plaintiff is informed and believes and thereon alleges that Defendant

21  SHARON GIES, is a resident of the State of California.

22     70.    Plaintiff is informed and believes and thereon alleges that Defendant

23  RICHARD P. ASH as Trustee for RICHARD P. AND MARY L. ASH 1990 FAMILY

24  TRUST, is a resident of the State of Nevada, County of Washoe.

25     71.    Plaintiff is informed and believes and thereon alleges that Defendant MARY

26  L. ASH as Trustee for RICHARD P. AND MARY L. ASH 1990 FAMILY TRUST, is a

27  resident of the State of Nevada, County of Washoe.

28     72.    Plaintiff is informed and believes and thereon alleges that Defendant

1  GEORGE M. DIXON as Trustee for DIXON ELECTRIC PENSION PLAN TRUST, is a

2  resident of the State of Nevada, County of Washoe.

3      74.    Plaintiff is informed and believes and thereon alleges that Defendant

4  JENNIFER HICKOK, is a resident of the State of Nevada, County of Washoe.

5      75.    Plaintiff is informed and believes and thereon alleges that Defendant

6  VERONICA DORRIE as Trustee for VERONICA DORRIE TRUST, is a resident of the

7  State of Nevada, County of Washoe.

8      76.    Plaintiff is informed and believes and thereon alleges that Defendant

9  JEANNE W. KEITH, is a resident of the State of Florida.

10     77.    Plaintiff is informed and believes and thereon alleges that Defendant RAY K.

11 KEITH, is a resident of the State of Florida.

12     78.    Plaintiff is informed and believes and thereon alleges that Defendant HENRY

13 L. CLARK as Trustee for HENRY L. CLARK AND ROBERTA L. CLARK 1993 FAMILY

14 TRUST, is a resident of the State of Nevada, County of Washoe.

15     79.    Plaintiff is informed and believes and thereon alleges that Defendant

16 ROBERTA L. CLARK as Trustee for HENRY L. CLARK AND ROBERTA L. CLARK

17 1993 FAMILY TRUST, is a resident of the State of Nevada, County of Washoe.

18     80.    Plaintiff is informed and believes and thereon alleges that Defendant

19 JENNIFER R. HICKOK, is a resident of the State of Nevada, County of Washoe.

20     81.    Plaintiff is informed and believes and thereon alleges that Defendant C/F

21 JAMISON LEIGH LUNDEMO, is a resident of the State of Nevada, County of Washoe.

22     82.    Plaintiff is informed and believes and thereon alleges that Defendant CAROL

23 E. PORTA as Trustee for CAROL R. PORTA REVOCABLE TRUST, is a resident of the

24 State of Nevada, County of Washoe.

25     83.    Plaintiff is informed and believes and thereon alleges that Defendant GAYLE

26 ROBINSON, is a resident of the State of Nevada, County of Washoe.

27     84.    Plaintiff is informed and believes and thereon alleges that Defendant

28 MICHAEL JOHN PONTRELLI as Trustee for PONTRELLI FAMILY TRUST, is a resident

1    of the State of Nevada, County of Washoe.

2        85.    Plaintiff is informed and believes and thereon alleges that Defendant

3    NORMA JEAN PONTRELLI as Trustee for PONTRELLI FAMILY TRUST, is a resident

4    of the State of Nevada, County of Washoe.

5        86.    Plaintiff is informed and believes and thereon alleges that Defendant

6    JONATHAN EDWARD ARNOW as Trustee for TESSA ARNOW TRUST, is a resident of

7    the State of Nevada, County of Washoe.

8        87.    Plaintiff is informed and believes and thereon alleges that Defendant CLYDE

9    R. BROWN as Trustee for BROWN FAMILY TRUST, is a resident of the State of Nevada,

10    County of Washoe.

11        88.    Plaintiff is informed and believes and thereon alleges that Defendant

12    SHARAN L. BROWN as Trustee for BROWN FAMILY TRUST, is a resident of the State

13    of Nevada, County of Washoe.

14        89.    Plaintiff is informed and believes and thereon alleges that Defendant

15    CYNTHIA G. DAVIS as Trustee for SECONDED AMENDED CYNTHIA G. DAVIS

16    LIVING TRUST DATED JULY 1, 2004, is a resident of the State of Nevada, County of

17    Washoe.

18        90.    Plaintiff is informed and believes and thereon alleges that Defendant TRACE

19    W. GEIL, is a resident of the State of Nevada, County of Washoe.

20        91.    Plaintiff is informed and believes and thereon alleges that Defendant MARY

21    A. GIANNOTTI as Trustee for GIANNOTTI FAMILY BYPASS TRUST CREATED

22    UNDER THE GIANNOTTI 1990 REVOCABLE TRUST DATED OCTOBER 23, 1990, is

23    a resident of the State of Nevada, County of Washoe.

24        92.    Plaintiff is informed and believes and thereon alleges that Defendant

25    BEVERLY WALLACE, is a resident of the State of New York.

26        93.    Plaintiff is informed and believes and thereon alleges that Defendant LOIS G.

27    ROBINSON, is a resident of the State of Nevada, County of Washoe.

28        94.    Plaintiff is informed and believes and thereon alleges that Defendant JOHN

1 | R. LINDELL as Trustee for LINDELL'S PAINTING SERVICE MONEY PURCHASE

2 | PENSION PLAN AGREEMENT, is a resident of the State of Nevada, County of Washoe.

3 |     95.    Plaintiff is informed and believes and thereon alleges that Defendant

4 | BARBARA A. LINDELL as Trustee for LINDELL'S PAINTING SERVICE MONEY

5 | PURCHASE PENSION PLAN AGREEMENT, is a resident of the State of Nevada, County

6 | of Washoe.

7 |     96.    Plaintiff is informed and believes and thereon alleges that Defendant SHERRI

8 | KEY as Trustee for LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION

9 | PLAN AGREEMENT, is a resident of the State of Nevada, County of Washoe.

10 |     97.    Defendant ANGELIQUE CLARK as Trustee for CETUS MORTGAGE, is a

11 | resident of the State of Nevada, County of Washoe.

12 |     98.    Defendant STOREY COUNTY, is a political subdivision of the State of

13 | Nevada.

14 |

15 | **GENERAL ALLEGATIONS**

16 |     99. Prior to filing its bankruptcy case, Cetus Mortgage, Ltd. ("CETUS") was a

17 | licensed mortgage broker, ostensibly in compliance with NRS 645B. CETUS acted as a

18 | mortgage broker which arranged loans between private lenders and borrowers.

19 |

20 | **FIRST NOTE and FIRST DEED OF TRUST**

21 |     100. In or around May of 2007, one or more CETUS representatives contacted

22 | various private lenders to fund a loan to Defendants RONALD E. OSBORN and BRENT P.

23 | OSBORN, hereinafter referred to as THE OSBORNS, and including OSBORN

24 | DEVELOPMENT CO., LLC.

25 |     101. Plaintiffs, also sometimes referred to herein as THE FIRST RV PARK

26 | LENDERS, agreed to fund a $1,700,000 loan to Defendant OSBORN DEVELOPMENT

27 | CO. LLC. ("FIRST LOAN").

28 |

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-17-

1    102.  THE FIRST RV PARK LENDERS based their decision to fund the $1.7

2 million FIRST LOAN to THE OSBORNS on many factors, including the development

3 proposed for the PROPERTY, as described below, the terms of the loan, and the

4 recommendations of CETUS representative Marcilyn Benvin.

5    103.  On or about May 17, 2007, Defendants OSBORN DEVELOPMENT CO. LLC,

6 RONALD E. OSBORN and BRENT P. OSBORN executed a Promissory Note in favor of

7 FIRST RV PARK LENDERS ("FIRST NOTE").  Pursuant to the terms of the FIRST

8 NOTE, OSBORN DEVELOPMENT CO. LLC and THE OSBORNS promised to pay the

9 principal sum of $1,700,000 plus interest at the rate of 10% per annum to the FIRST RV

10 PARK LENDERS.  According to the terms of the FIRST NOTE, payments of interest only

11 were to be paid commencing June 30, 2007, and continuing through May 31, 2008, at which

12 time the entire unpaid balance plus accrued interest was immediately due and payable.

13    104.   Repayment of the FIRST NOTE is secured by a deed of trust ("FIRST DEED

14 OF TRUST") encumbering 10 acres of unimproved real PROPERTY (the "PROPERTY")

15 located in the Tahoe Reno Industrial Center east of Reno, Nevada.  THE FIRST DEED OF

16 TRUST was recorded May 31, 2007 in the official records of Storey County, Nevada as

17 document 106796.

18    105.  On May 31, 2007, the FIRST RV PARK LENDERS obtained a lenders' policy

19 of insurance from FIRST AMERICAN TITLE INSURANCE COMPANY insuring the

20 FIRST DEED OF TRUST in senior position on the PROPERTY.

21

22 **CCRS AND RECORD OF SURVEY**

23    106.   On October 4, 2007, THE OSBORNS recorded a Declaration of Covenants,

24 Conditions and Restrictions ("CCRs") purporting to restrict and condition the use of the

25 PROPERTY.  The CCRs were recorded in the official records of Storey County, Nevada as

26 document 107749.

27    107.   On November 19, 2007, THE OSBORNS recorded a Record of Survey and

28 the Provisions, Dedications, Easements and Notes ("Record of Survey") for the

1  PROPERTY. The Record of Survey was recorded in the official records of Storey County,
2  Nevada as document 108015.

3      108.    Plaintiffs are informed and believe and thereon allege that the intended
4  purpose of the Record of Survey was to 'divide' the PROPERTY into 254 separate assessors
5  parcels and to utilize a series of those parcels as collateral for additional loans brokered
6  through CETUS.

7      109.    Plaintiffs are informed and believe and thereon allege that the STOREY
8  COUNTY authorities improperly, and without statutory or other authority, permitted THE
9  OSBORNS to record the Record of Survey.

10     110.    Plaintiffs are informed and believe and thereon allege that the STOREY
11 COUNTY authorities placed certain obligations on THE OSBORNS to take certain steps
12 and to do certain things within the 12 month period following November 19, 2007 and that
13 none of those requirements have been met by THE OSBORNS.

14     111. On March 20, 2008, Defendant OSBORN DEVELOPMENT, LLC executed a
15 deed transferring title to the PROPERTY to Defendant RV & YACHT, I, LLC. The deed
16 was recorded in the official records of Storey County, Nevada as document 108654.

17     112. Plaintiffs are informed and believe and thereon allege that on or about April 18,
18 2008, Defendant RV & YACHT I, LLC, with the assistance of CETUS, but without the
19 consent or knowledge of the FIRST RV PARK LENDERS, attempted to subdivide the
20 PROPERTY into different parcels.

21     113. Plaintiffs are informed and believe and thereon allege that Defendant RV &
22 YACHT I, LLC sought additional financing through CETUS which resulted in additional
23 loans from various lenders, repayment of which was secured by separate deeds of trust
24 encumbering the PROPERTY which had been divided into approximately 254 parcels.

25     114. Unknown to Plaintiffs, CETUS recorded additional deeds of trust against
26 portions of the PROPERTY naming each of them as beneficiaries on some but not all of the
27 parcels. CETUS did not seek permission from these Plaintiffs to be granted a beneficial
28 interest in subordinate deeds of trusts, nor did CETUS take steps to attempt to reconvey the

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-19-

1  beneficial interests held by these Plaintiffs in the FIRST NOTE and FIRST DEED OF

2  TRUST.

3

4  **JUNIOR NOTE ONE AND JUNIOR DEED OF TRUST ONE**

5       115. Plaintiffs are informed and believe and thereon allege that on or about

6  November 16, 2007, more than four months before it had an interest in the PROPERTY,

7  Defendant RV & YACHT I, LLC executed a promissory note in the amount of $250,000

8  ("JUNIOR NOTE ONE").

9       116. Repayment of JUNIOR NOTE ONE is purportedly secured by a deed of trust

10  encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST ONE"). JUNIOR

11  DEED OF TRUST ONE was recorded April 18, 2008 in the official records of Storey

12  County, Nevada as document 108878.

13       117. The payees and beneficiaries of JUNIOR NOTE ONE and JUNIOR DEED OF

14  TRUST ONE, respectively, are :

15       •     Defendants BILL BOOTH and LAVONE BOOTH, husband and wife

16             as joint tenants, as to an undivided 40.00% interest;

17       •     Defendants GENE E. MCCLELLAND and PATRICIA L.

18             MCCLELLAND, Trustees or their successors in trust, under the

19             MCCLELLAND LIVING TRUST, as to an undivided 20.00%

20             interest;

21       •     Defendants GEORGE C. SCHUMACHER and TERRY ANNE

22             SCHUMACHER, husband and wife as joint tenants, as to an

23             undivided 20.00% interest;

24       •     Defendants DUANE E. FLESHMAN and JOHNNIE M.

25             FLESHMAN, husband and wife as joint tenants, as to an undivided

26             8.00% interest;

27       •     Defendant STACY L. DOUTRE, custodian for DEREK M. DOUTRE

28             NV/UTMA until age 25, as to an undivided 6.80% interest;

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

1          •       Defendant RAJEN N. BHATT, a single man, as to an undivided

2                  4.20% interest;

3          •       Defendant CETUS MORTGAGE, LTD., a Nevada corporation, as to

4                  an undivided 1.00% interest.

5          118.  Plaintiffs are informed and believe and thereon allege that JUNIOR DEED OF

6   TRUST ONE purports to encumber Assessor's Parcel Numbers  004-433-25 thru 31 and

7   004-433-56 thru 64.

8

9   **JUNIOR NOTE TWO AND JUNIOR DEED OF TRUST TWO**

10         119.  Plaintiffs are informed and believe and thereon allege that on or about

11  November 16, 2007, more than four months before it had an interest in the PROPERTY

12  Defendant RV & YACHT I, LLC executed a promissory note in the amount of $380,000

13  ("JUNIOR NOTE TWO").

14         120.  Repayment of JUNIOR NOTE TWO is purportedly secured by a deed of trust

15  encumbering a portion of  the PROPERTY ("JUNIOR DEED OF TRUST TWO").  JUNIOR

16  DEED OF TRUST TWO was recorded April 18, 2008 in the official records of Storey

17  County, Nevada as document 108880.

18         121.  The payees and beneficiaries of JUNIOR NOTE TWO and JUNIOR DEED OF

19  TRUST TWO, respectively, include:

20         •       Defendants PEGGY LAKEY and RODGER LAKEY, wife and

21                 husband as joint tenants, as to an undivided 10.52% interest;

22         •       Defendants WILLIAM T. HIGGS and JUDY E. HIGGS husband and

23                 wife as joint tenants with right of survivorship, as to an undivided

24                 9.21% interest;

25         •       Defendant KELVIN R. LAIRD, a single woman, as to an undivided

26                 1.32% interest.

27

28

1            •         Defendants GINO V. MOTL, an unmarried man or JOANNE

2                        TOMASIEWICZ, a married woman, as to an undivided 78.95%

3                        interest;

4        122. Plaintiffs are informed and believe and thereon allege that JUNIOR DEED OF

5    TRUST TWO purports to encumber APNs 004-432-12 thru 22 and 004-432-34 thru 45.

6

7    **JUNIOR NOTE THREE AND JUNIOR DEED OF TRUST THREE**

8        123. Plaintiffs are informed and believe and thereon allege that on or about April 4,

9    2008, Defendant RV & YACHT I, LLC executed a promissory note in the amount of

10   $400,000 ("JUNIOR NOTE THREE").

11       124. Repayment of JUNIOR NOTE THREE is purportedly secured by a deed of

12   trust encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST THREE").

13   JUNIOR DEED OF TRUST THREE was recorded April 18, 2008 in the official records of

14   Storey County, Nevada as document 108881.

15       125. The payees and beneficiaries of JUNIOR NOTE THREE and JUNIOR DEED

16   OF TRUST THREE, respectively, include:

17           •         Defendant DARLENE LUSTER, an unmarried woman, as to an

18                       undivided 17.50% interest;

19           •         Defendant DEBRA LYNN HORTON, an unmarried woman, as to an

20                       undivided 13.75% interest;

21           •         Defendant HAZEL M. SIMMONS, an unmarried woman and

22                       MARJORIE M. JONES a married woman as her sole and separate

23                       PROPERTY, as to an undivided 12.50% interest;

24           •         Defendants QUARLES E. SLAVIN and PATRICIA E. SLAVIN

25                       Trustees of the SLAVIN FAMILY REVOCABLE TRUST

26                       AGREEMENT DATED APRIL 24, 1995, as to an undivided 10.00%

27                       interest;

28

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-22-

1  •  Defendants PETER ALBERT JEPHSON and ETHEL G. JEPHSON,

2  husband and wife as joint tenants, as to an undivided 5.00% interest;

3  •  Defendants QUARLES G. GELTZ JR. and LOA JEAN GELTZ,

4  husband and wife as joint tenants with right of survivorship, as to an

5  undivided 3.75% interest.

6  126.    Plaintiffs are informed and believe and thereon allege that JUNIOR DEED

7  OF TRUST THREE purports to encumber encumbers APNs 004-433-01 thru 06.

8

9  **JUNIOR NOTE FOUR AND JUNIOR DEED OF TRUST FOUR**

10  127.    Plaintiffs are informed and believe and thereon allege that on or about

11  November 16, 2007, more than four months before it had an interest in the PROPERTY

12  Defendant RV & YACHT I, LLC executed a promissory note in the amount of $500,000

13  ("JUNIOR NOTE FOUR").

14  128.  Repayment of JUNIOR NOTE FIVE is purportedly secured by a deed of trust

15  encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST FOUR").

16  JUNIOR DEED OF TRUST FOUR was recorded April 18, 2008 in the official records of

17  Storey County, Nevada as document 108882.

18  129.  The payees and beneficiaries of JUNIOR NOTE FOUR and JUNIOR DEED

19  OF TRUST FOUR, respectively, include :

20  •  Defendants STEPHEN F. GIES and SHARON GIES, husband and

21  wife as joint tenants, as to an undivided 22.00% interest;

22  •  Defendants RICHARD P. ASH and MARY L. ASH, as Trustees for

23  the RICHARD P. AND MARY L. ASH 1990 FAMILY TRUST, as to

24  an undivided 20.00% interest;

25  •  Defendant JENNIFER HICKOK, a married woman as her sole and

26  separate PROPERTY, as to an undivided 12.00% interest;

27  •  Defendant VERONICA DORRIE, as Trustee for VERONICA

28  DORRIE TRUST, as to an undivided 12.00% interest;

1           •    Defendants JEANNE W. KEITH and RAY K. KEITH, wife and

2               husband as joint tenants, as to an undivided 5.00% interest;

3           •    Defendants HENRY L. CLARK and ROBERTA L. CLARK, as

4               Trustees for U/T/A JANUARY 14, 1993 HENRY L. CLARK AND

5               ROBERTA L. CLARK 1993 FAMILY TRUST, as to an undivided

6               3.00% interest;

7           •    Defendant JENNIFER R. HICKOK, C/F JAMISON LEIGH

8               LUNDEMO, as to an undivided 3.00% interest.

9      130.    Plaintiffs are informed and believe and thereon allege that JUNIOR DEED

10  OF TRUST FOUR purports to encumber APNs 004-434-16 thru 31 and 004-434-60 thru 75.

11

12  **JUNIOR NOTE FIVE AND JUNIOR DEED OF TRUST FIVE**

13      131.    Plaintiffs are informed and believe and thereon allege that on or about

14  November 16, 2007, more than four months before it had an interest in the PROPERTY

15  Defendant RV & YACHT I, LLC executed a promissory note in the amount of $775,000

16  ("JUNIOR NOTE FIVE").

17      132.    Repayment of JUNIOR NOTE FIVE is purportedly secured by a deed of trust

18  encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST FIVE").  JUNIOR

19  DEED OF TRUST FIVE was recorded April 18, 2008 in the official records of Storey

20  County, Nevada as document 108883.

21      133. The payees and beneficiaries of JUNIOR NOTE FIVE and JUNIOR DEED OF

22  TRUST FIVE, respectively, include :

23           •    Defendant CAROL E. PORTA, as Trustee for the CAROL R. PORTA

24               REVOCABLE TRUST, as to an undivided 17.42% interest;

25           •    Defendant GAYLE ROBINSON, a single woman, as to an undivided

26               16.13% interest;

27

28

1          •   Defendant ROBERT J. FRICKE, as Successor Trustee of the FRICKE

2              2001 FAMILY TRUST AGREEMENT, dated January 9, 2001, as to

3              an undivided 12.90% interest;

4          •   Defendants MICHAEL JOHN PONTRELLI and NORMA JEAN

5              PONTRELLI, as Trustees of the PONTRELLI FAMILY TRUST

6              dated January 8, 2004, as to an undivided 12.90% interest;

7          •   Defendant JONATHAN EDWARD ARNOW, as Trustee of the

8              TESSA ARNOW TRUST, as to an undivided 6.45% interest;

9          •   Defendants CLYDE R. BROWN and SHARAN L. BROWN, as

10              Trustees of the BROWN FAMILY TRUST, as to an undivided 6.45%

11              interest;

12          •   Defendants CYNTHIA G. DAVIS as Trustee for the SECOND

13              AMENDED CYNTHIA G. DAVIS LIVING TRUST dated July 1,

14              2004 and TRACE W. GEIL, an unmarried woman as joint tenants, as

15              to an undivided 6.45% interest;

16          •   Defendant MARY A. GIANNOTTI, as Trustee of the GIANNOTTI

17              FAMILY BYPASS TRUST CREATED UNDER THE GIANNOTTI

18              1990 REVOCABLE TRUST dated October 23, 1990, as to an

19              undivided 6.45% interest;

20          •   Defendant BEVERLY WALLACE, An unmarried woman, as to an

21              undivided 6.45% interest;

22          •   Defendant LOIS G. ROBINSON, An unmarried woman, as to an

23              undivided 1.94% interest.

24       134.     Plaintiffs are informed and believe and thereon allege that JUNIOR DEED

25 OF TRUST FIVE purports to encumber APNs 004-435-01 thru 52.

26

27

28

**JUNIOR NOTE SIX AND JUNIOR DEED OF TRUST SIX**

135.  Plaintiffs are informed and believe and thereon allege that on or about November 16, 2007, more than four months before it had an interest in the PROPERTY, Defendant RV & YACHT I, LLC executed a promissory note in the amount of $400,000 ("JUNIOR NOTE SIX").

136.  Repayment of JUNIOR NOTE SIX is purportedly secured by a deed of trust encumbering a portion of the PROPERTY ("JUNIOR DEED OF TRUST SIX"). JUNIOR DEED OF TRUST SIX was recorded April 18, 2008 in the official records of Storey County, Nevada as document 108884.

137.  The payees and beneficiaries of JUNIOR NOTE SIX and JUNIOR DEED OF TRUST SIX, respectively, include :

- Defendants JOHN R. LINDELL and BARBARA A. LINDELL and SHERRI KEY, as Trustees of the LINDELL'S PAINTING SERVICE MONEY PURCHASE PENSION PLAN AGREEMENT, as to an undivided 65.00% interest;

- Defendant CETUS MORTGAGE, LTD., a Nevada corporation, as to an undivided 0.25% interest.

138.  Plaintiffs are informed and believe and thereon allege that JUNIOR DEED OF TRUST SIX purports to encumber APNs 004-432-01 thru 11 and 004-432-23 thru 33.

**DEFAULT**

139.  THE OSBORNS have defaulted under the FIRST NOTE by, among other things, failing to make the interest payments when due and by failing to pay the full principal balance along with accrued interest due on May 31, 2008.

140.  There now remains due, owing and payable the principal sum of $1,700,000 plus accrued interest, together with late charges and costs and legal expenses as set forth in the FIRST NOTE, all according to proof at time of trial or entry of judgment.

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

-26-

1    141.  Pursuant to the terms of the FIRST NOTE, THE OSBORNS agreed to pay

2    reasonable attorneys' fees incurred by the FIRST RV PARK LENDERS.

3    142.  The FIRST RV PARK LENDERS desire to enforce their rights pursuant to the

4    FIRST NOTE and under applicable Nevada law.

5    143.  Plaintiffs are informed and believe and thereon allege that THE OSBORNS are

6    also in default on their obligations to the payees and beneficiaries purporting to hold the

7    interests in JUNIOR NOTES AND DEEDS OF TRUST ONE through SIX.

8    144.    Plaintiffs are informed and believe and thereon allege that each of the

9    respective payees and beneficiaries purporting to hold the interests in JUNIOR NOTES

10   AND DEEDS OF TRUST ONE through SIX claim a senior secured position against all or a

11   portion of the PROPERTY.

12   145.    Plaintiffs have been required to engage counsel to obtain a determination of

13   their rights under their FIRST NOTE and FIRST DEED OF TRUST and have incurred fees

14   and costs in doing so.

15

16                              **FIRST CLAIM FOR RELIEF**

17                                **(Judicial Foreclosure)**

18   146.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 145  as

19   if fully set forth herein.

20   147.    THE OSBORNS executed the FIRST NOTE AND FIRST DEED OF TRUST

21   in favor of Plaintiffs.

22   148.    THE OSBORNS defaulted under the terms of the FIRST NOTE AND FIRST

23   DEED OF TRUST by, among other things, failing to make the interest payments when due

24   and by failing to pay the full principal balance along with accrued interest due on May 31,

25   2008.

26   149.    There now remains due, owning and payable the principal sum of $1,700,000,

27   plus accrued interest, together with late charges and costs and legal expenses as set forth in

28

1  FIRST NOTE AND FIRST DEED OF TRUST all according to proof at time of trial or entry

2  of judgment.

3       150.   Pursuant to the terms of the FIRST NOTE AND FIRST DEED OF TRUST

4  THE OSBORNS agreed to pay reasonable attorneys' fees incurred by Plaintiffs.

5       151.   Plaintiffs have duly performed all the conditions precedent on their part that

6  are required to be performed.

7

8  **SECOND CLAIM FOR RELIEF**

9  **(Declaratory Relief)**

10       152.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 151 as

11  if fully set forth herein.

12       153.   Plaintiffs' FIRST DEED OF TRUST was recorded May 31, 2007 in the

13  official records of Storey County, Nevada as document 106796.  The beneficial interest in

14  the FIRST DEED OF TRUST has never been reconveyed.

15       154.   Defendants' JUNIOR NOTES AND DEEDS OF TRUST ONE through SIX

16  were recorded in Storey County, Nevada, sequentially, as documents 108878, 108880,

17  108881, 108882, 108883 and 108884, on April 18, 2008.

18       155.   An actual controversy exists between Plaintiffs and Defendants, including

19  CLARK as the Trustee of the CETUS estate, as to the nature, and priority of the

20  encumbrances on the PROPERTY represented by the FIRST DEED OF TRUST and

21  JUNIOR DEEDS OF TRUST ONE through SIX.

22       156.   Plaintiffs assert that their FIRST NOTE secured by the FIRST DEED OF

23  TRUST is senior in time and thus senior in priority as an encumbrance on the PROPERTY.

24       157.   Plaintiffs are informed and believe that Defendants and each of them dispute

25  that their security represented by JUNIOR DEEDS OF TRUST ONE through SIX is junior

26  to that of Plaintiffs.

27       158.   Plaintiffs request a judicial determination and declaration by this Court that

28  the Plaintiffs' FIRST NOTE AND FIRST DEED OF TRUST is in full force and effect and

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

1  that Defendants' JUNIOR DEEDS OF TRUST ONE through SIX are junior in priority to

2  that of Plaintiffs.

3       159.    A judicial determination is necessary and appropriate at this time.

4

5  **THIRD CLAIM FOR RELIEF**

6  **(Declaratory Relief)**

7       160.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 159 as

8  if fully set forth herein.

9       161.    Plaintiffs are informed and believe and thereon allege that STOREY

10  COUNTY improperly, and without statutory or regulatory authority, permitted THE

11  OSBORNS to record the Record of Survey.

12       162.    Plaintiffs are informed and believe and thereon allege that Storey County's

13  improper actions resulted in the Assessor improperly lifting a so-called 'cap' on the real

14  property tax rate which has resulted in a substantial increase in the accruing property taxes.

15       163.    Plaintiffs request a judicial determination and declaration by this Court that

16  Defendant STOREY COUNTY's actions in approving and authorizing the Record of Survey

17  were in violation of applicable laws and regulations and thus null and void and that THE

18  OSBORNS have failed to do those things necessary to maintain the Record of Survey in

19  good standing and that it lapsed by operation of law.

20       164.    Plaintiffs request a judicial determination and declaration by this Court that

21  the Record of Survey is null and void and no longer constitutes an encumbrance upon the

22  PROPERTY.

23       165.    Plaintiffs request a judicial determination and declaration by this Court that

24  the purported increase in real property taxes asserted by STOREY COUNTY as a result of

25  the Record of Survey being improperly recorded, be rendered a nullity.

26  ///

27  ///

28  ///

1    **WHEREFORE**, Plaintiffs pray for relief as follows:

2    **An Order adjudging judicial foreclosure and that:**

3    Their interest under the FIRST DEED OF TRUST be judicially foreclosed

4    and that Judgment, in recordable form, be entered expunging all junior

5    encumbrances, liens and other charges from the STOREY COUNTY real property

6    records;

7    The usual judgment be made for the sale of their interest in the PROPERTY

8    according to law by an appropriate person appointed by the Court;

9    The proceeds of such sale are applied in payment of the amount due to

10    Plaintiffs; and

11    Defendants and all persons claiming under any documents subsequent to

12    execution and recording of the FIRST DEED OF TRUST whether as lien claimants,

13    judgment creditors, person claiming under JUNIOR DEEDS OF TRUST, purchasers,

14    encumbrances or otherwise be barred and foreclosed from all rights, claims, or equity

15    of redemption in the PROPERTY when the time for redemption has passed, and

16    **An Order adjudging that:**

17    Plaintiffs hold the senior encumbrance against the PROPERTY and that the

18    Defendants's interest are junior and subordinate to the interests of Plaintiffs, and

19    **An Order adjudging that:**

20    The Record of Survey was improperly approved by STOREY COUNTY and

21    as a result is a nullity, and that it has lapsed by operation of law and is of no force

22    and effect, and as a result, that property taxes accrued since November 19, 2007 are

23    of no force and effect, and

24    ///

25    ///

26    ///

27    ///

28    ///

1    **An Order adjudging that:**

2         Plaintiff Morrey have the authority to sell the property in accordance with the

3    terms of the powers of attorney signed by all Plaintiffs, which includes reimbursement of

4    expenses plus interest, and

5
     **An Order awarding attorneys fees and costs.**
6

7    DATED this 25th day of August, 2010.

8                              **HARTMAN & HARTMAN**

9

10                              /S/ Jeffrey L. Hartman
                                Jeffrey L. Hartman, Esq.
11                              Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28